UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-61607-CIV-COHN/SELTZER

DONALD R. SPADARO, as Limited
Guardian for ANTHONY CARAVELLA,

    Plaintiff,

v.

CITY OF MIRAMAR, etc., et al.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS PIERSON, MANTESTA, AND GUESS' MOTION TO DISMISS COUNTS XIII, XIV, XV OF SECOND AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendants George Pierson ("Pierson"), William Mantesta ("Mantesta"), and William Guess' ("Guess") (collectively "City Defendants") Motion to Dismiss Counts XIII, XIV, and XV of the Second Amended Complaint [DE 111] ("Motion"). The Court has carefully reviewed the Motion, Plaintiff's Response [DE 119] ("Response"), the City Defendants' Reply [DE 126] ("Reply"), the record in the case, and is otherwise fully advised in the premises.

### I. BACKGROUND[1]

On February 29, 2012, the Court granted in part and denied in part the City Defendants' Motion to Dismiss Amended Complaint. See February 29, 2012 Order. In the February 29, 2012 Order, the Court dismissed Plaintiff Anthony Caravella's ("Caravella") claims brought pursuant to the Federal Racketeer Influenced and Corrupt

---

[1] A full recitation of the background of this case may be found in the Court's Order granting in part and denying in part the City Defendants' Motion to Dismiss Amended Complaint and granting in part and denying in part the BSO Defendants' Motion to Dismiss Plaintiff's Amended Complaint [DE 99] ("February 29, 2012 Order").

Organizations Act, 18 U.S.C. § 1962 ("RICO"), and the equivalent Florida statute, Fla. Stat. § 772.103 (Counts XIII-XV). The claims brought pursuant to the federal statute were dismissed with prejudice. However, the Court permitted Caravella to file a second amended complaint which re-plead his claims brought pursuant to the Florida RICO statute. Caravella filed a Second Amended Complaint on March 26, 2012. See 2d Am. Compl. [DE 107]. The City Defendants[2] have now moved to dismiss Plaintiff's claims brought pursuant to the Florida RICO statute.

## II. DISCUSSION

### A. Legal Standard.

Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual

---

[2] Defendants Anthony Fantigrassi and Jenne did not move to dismiss the Florida RICO claims and instead filed an answer. See DE 112.

2

allegations. Id. Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" Id. at 556.

### B. Civil RICO (Counts XIII-XV)

Caravella brings RICO claims pursuant to Fla Stat. § 772.103 (2)-(4) against Defendants Pierson, Mantesta, Guess, Fantigrassi, and Jenne.[3] The City Defendants argue that the RICO claims should be dismissed for failure to state a claim because Caravella has failed to plead facts which support his claims. Motion at 2. Specfically, the City Defendants contend that Caravella has alleged insufficient allegations regarding a pattern of racketeering activity, id. at 3-5, and that Caravella has failed to allege an enterprise. Id. at 5-6. Caravella opposes the Motion, arguing that he has adequately alleged the existence of both enterprises and association-in-fact enterprises. Response at 5. Caravella also points out that this Court already determined that he had adequately alleged an enterprise. Id. Finally, Caravella contends that he has adequately alleged both open-ended and closed-ended patterns of criminal activity. Id. at 10.

Fla. Stat. § 772.103 provides that:

It is unlawful for any person:

. . .

(2) Through a pattern of criminal activity or through the collection of an unlawful debt, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise or real property.

(3) Employed by, or associated with, any enterprise to conduct or participate,

---

[3] Count XIV, a claim brought pursuant to Fla. Stat. § 772.103(2) is against Defendants Pierson, Mantesta, Guess, and Fantigrassi only.

3

directly or indirectly, in such enterprise through a pattern of criminal activity or the collection of an unlawful debt.

(4) To conspire or endeavor to violate any of the provisions of subsection (1), subsection (2), or subsection (3).

Fla. Stat. § 772.103 (2)-(4). To successfully bring a RICO claim, a plaintiff must establish both a RICO enterprise and a "pattern of racketeering activity." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1264 (11th Cir. 2004).[4]

### 1. Caravella has Adequately Alleged an Enterprise.

The City Defendants argue that Caravella has failed to plead an enterprise because "[m]erely asserting that individual officers conspired with one another does not sufficiently allege an enterprise under a RICO claim." Motion at 5-6. They also assert that Caravella fails to adequately allege an enterprise because he fails to identify "the specific roles for each of the City Officers in the enterprise, a requirement in a case involving multiple defendants." Id. at 6.

A RICO enterprise exists "where a group of persons associates, formally or informally, with the purpose of conducting illegal activity." Jackson, 372 F.3d at 1264

---

[4] Florida's RICO law "is informed by case law interpreting the federal RICO statute ... on which Chapter 772 is patterned." Jackson, 372 F.3d at 1263 (quoting Jones v. Childers, 18 F.3d 899, 910 (11th Cir.1994) (internal citation omitted)). Because "Florida courts often look to the Federal RICO decisions for guidance in interpreting and applying the act[,] Fla. Software Sys., Inc. v. Columbia/HCA Healthcare Corp., 46 F. Supp. 2d 1276, 1284 (M.D. Fla.1999), the analysis we apply to the plaintiffs' federal RICO claims is equally applicable to their state RICO claims." Jackson, 372 F.3d at 1263-64 (internal quotation marks omitted); see also All Care Nursing Serv., Inc. v. High Tech Staffing Servs., Inc., 135 F.3d 740, 745 (11th Cir.1998) ("Florida's RICO statutes have consistently been interpreted using federal RICO claim cases."); Bortell v. White Mountains Ins. Grp., Ltd., 2 So. 3d 1041, 1047 (Fla. Dist. Ct. App. 2009) ("Because the Florida RICO Act is patterned after the federal act, Florida looks to federal authorities in construing its own RICO statute.").

4

(quoting United States v. Hewes, 729 F.2d 1302, 1311 (11th Cir.1984)). The Florida RICO statute defines "enterprise" as "any individual, sole proprietorship, partnership, corporation, business trust, union chartered under the laws of this state, or other legal entity, or any unchartered union, association, or group of individuals associated in fact although not a legal entity; and the term includes illicit as well as licit enterprises and governmental, as well as other, entities." Fla. Stat. § 772.102(3).

Here, the Court has already found in its February 29, 2012 Order that Caravella adequately alleged a RICO enterprise. The Court previously found that Caravella had adequately alleged that the BSO and the City of Miramar Police Department are enterprises under the RICO statute. February 29, 2012 Order at 49. Additionally, the Court rejected the precise argument that the City Defendants once again raise here, i.e. that allegations of conspiracy do not support an association-in-fact enterprise. Id. at 50. The City Defendants also argue, for the second time, that Kivisto v. Miller, Canfield, Paddock & Stone, PLC, 413 Fed. Appx. 136, 139 (11th Cir. 2009), an unpublished Eleventh Circuit decision, requires that Caravella identify the specific roles of each defendant in the enterprise to state a RICO claim. As the Court already held, the City Defendants' reliance on Kivisto v. Miller, Canfield, Paddock & Stone, PLC, 413 Fed. Appx. 136, 139 (11th Cir. 2009), for this proposition is misplaced. In Kivisto, the court discussed the heightened pleading standard for RICO claims based on wire or mail fraud. 413 Fed. Appx. at 139. The Eleventh Circuit held only that RICO claims based on wire or mail fraud must also comply with Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. Id. ("In a case involving multiple defendants, the complaint must not lump together all of the defendants, as the complaint should inform

5

each defendant of the nature of his alleged participation in the *fraud*.") (emphasis added; internal quotation marks omitted). Here, because the predicate acts alleged in the Amended Complaint do not involve fraud, the heightened pleading standard discussed in Kivisto is inapplicable.[5] Thus, because the allegations in the Second Amended Complaint regarding the existence of an enterprise are unchanged from the Amended Complaint, the Court rejects the City Defendant's attempt to re-litigate this issue.

### 2. Caravella has Failed to Adequately Allege a Pattern of Racketeering Activity.

The City Defendants argue that Caravella has failed to allege an open-ended pattern or threat of continued racketeering activity from the City Officers. Motion at 4. Specifically, the City Defendants contend that an open-ended pattern of racketeering activity cannot exist when none of the defendants continue to work for the alleged enterprise. Id. The City Defendants also argue that Caravella has failed to allege a

---

[5] The City Defendants argue that a paragraph of the Second Amended Complaint where Caravella alleges that the City Defendants "fraudulently concealed their misconduct" demonstrates that Caravella is alleging predicate acts involving fraud. Motion at 6 & nn. 5-6 (citing 2d. Am. Compl. ¶ 153). The Court disagrees. As Caravella points out, paragraph 153 alleges that Caravella is entitled to tolling of the statute of limitations because the Defendants fraudulently concealed their misconduct. Response at 3. The predicate acts upon which the RICO claims are premised, violations of Fla. Stat. §§ 914.22 and 918.13, and 18 U.S.C. § 1512(b)(3), do not involve fraud. Therefore, the heightened pleading standard of Rule 9(b) that the Eleventh Circuit applied in Kivisto is inapplicable to this case. See Mruz v. Caring, Inc., 991 F. Supp. 701, 719 n.26 (D.N.J.1998) (finding that because plaintiff relied on violations of 18 U.S.C. § 1512 as predicate acts in civil RICO claim, court need not apply Rule 9(b)'s heightened pleading standard).

closed-ended pattern of racketeering activity because the Second Amended Complaint alleges only "a single scheme by the City Officers focused exclusively on pinning a crime upon the Plaintiff and then fraudulently concealing their alleged wrongful actions." Id. at 4-5. In opposition, Caravella argues that to establish open-ended continuity, he need only establish that the City of Miramar Police Department is "conducted in a manner that poses a threat of long-term racketeering activity, and not that PIERSON, MANTESTA, and GUESS, who were participants and committed predicate acts against CARAVELLA, personally continue to pose a long-term threat." Response at 12-13. Caravella also contends that "a single scheme may meet the continuity requirement if it 'projects into the future with a threat of repetition.'" Id. at 14.

To successfully allege a pattern of racketeering activity, a plaintiff must charge that: (1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of a continuing nature. Jackson, 372 F.3d at 1264; Fla. Stat. § 772.102(4). "A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010) (quoting H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 242 (1989)).

> "Continuity" is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition. . . . A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. . . . Often a RICO action will be brought before continuity can be established in this way. In such cases, liability depends on whether the threat of continuity is demonstrated.

Jackson, 372 F.3d at 1265 (quoting H.J. Inc., 492 U.S. at 241-42). Where RICO

allegations concern only "a single scheme with a discrete goal," courts have refused to find a closed-ended pattern of racketeering. Id. at 1267 (citing cases). To establish open-ended continuity, a plaintiff must establish that the predicate acts were the enterprise's "regular way of doing business" or threaten repetition in the future. Jackson, 372 F.3d at 1265.

In the February 29, 2012 Order, the Court found that Caravella had failed to allege an open-ended pattern of racketeering activity "where none of the defendants named in the RICO claims still work for the alleged enterprises." February 29, 2012 Order at 53. Thus, the Court granted the Motions to Dismiss as to the civil RICO counts, but afforded Caravella the opportunity to re-plead his Florida RICO claims. Caravella asserts that in his Second Amended Complaint, he has alleged an open-ended pattern of racketeering activity because "the Broward Sheriff's Office and the Miramar Police Department, the 'enterprises,' have functioned as continuing units." Response at 10. Caravella also argues that there was a threat of continued racketeering activity because even if Defendants Pierson, Mantesta, and Guess were no longer employed by the City of Miramar, they were "associated with" the enterprise. Id. (citing Fla. Stat. § 772.103(3)). This is precisely the argument that the Court rejected in its February 29, 2012 Order. See February 29, 2012 Order at 52-53.

Here, the Court reaffirms that Caravella has failed to allege a continued threat of racketeering where Defendants Pierson, Mantesta, and Guess no longer work for the City of Miramar Police Department. In Starfish Investment Corp. v. Hansen, 370 F. Supp. 2d 759, 777-78 (N.D. Ill. 2005), the Northern District of Illinois found that the plaintiff had failed to allege a threat of repetition of the predicate acts sufficient to

establish an open-ended pattern of racketeering activity where the complaint alleged that the enterprise's ringleader was incarcerated to serve a two year sentence and no predicate acts had occurred since his incarceration. 370 F. Supp. 2d at 777-78; see also Flextronics Int'l P.A., Inc. v. Copas, 327 F. Supp. 2d 934, 936 (N.D. Ill. 2004) (finding no threat of repetition and thus no open-ended continuity where the accused no longer worked for the plaintiff).[6]

Additionally, the Second Amended Complaint also contains insufficient allegations that the racketeering activity was the City of Miramar Police Department's regular way of doing business. See Jackson, 372 F.3d at 1265. For example, the Second Amended Complaint alleges that Defendants Pierson, Mantesta, and Guess (along with Defendant Anthony Fantigrassi) entered into a conspiracy "to fabricate and tamper with evidence. . . to knowingly make and present false affidavits, false documents, false reports and other false evidence which caused the indictment against ANTHONY CARAVELLA to be entered on January 11, 1984." 2d Am. Compl. ¶ 257; see also 2d Am. Compl. ¶¶ 268, 273. The crux of this conspiracy centers around the unlawful conviction and incarceration of Caravella. No where do Counts XIII-XV allege

---

[6] The Court acknowledges that the Eleventh Circuit has held that even where the personnel of an enterprise shifts over time, the enterprise may still display continuity. See United States v. Church, 955 F.2d 688, 698 (11th Cir. 1992). In Church, however, the court noted that continuity was established because "[a]s participants left the enterprise, others joined, each becoming involved in multiple aspects of the enterprise." Id. Here, the Second Amended Complaint does not name any other members of the City of Miramar Police Department enterprise other than Defendants Pierson, Mantesta, and Guess. Because none of these Defendants are still employed by the City of Miramar Police Department and no "new" members of the enterprise are named, Caravella has failed to established a threat of repetition sufficient to establish an open-ended pattern of racketeering activity.

9

that the racketeering activity the City Defendants engaged in is the City of Miramar Police Department's regular way of doing business. See 2d Am. Compl. ¶¶ 251-278.[7] Accordingly, Caravella has failed to establish an open-ended pattern of racketeering activity by demonstrating that the alleged predicate acts were the City of Miramar Police Department's regular way of doing business. See Moon v. Harrison Piping Supply, 465 F.3d 719, 727 (6th Cir. 2006) (affirming district court's dismissal of civil RICO claim on grounds that plaintiff had failed to allege open-ended continuity where plaintiff plead that "[o]n information and belief, one or more members of the enterprise engaged in similar acts to defraud other persons of their workers' compensation benefits" because several incidents of similar conduct did not support "systematic threat of ongoing fraud"); Giuliano v. Fulton, 399 F.3d 381, 391 (1st Cir. 2005) (affirming the district court's finding that there was no open-ended continuity because the "amended complaint did not allege a specific threat of repetition extending indefinitely into the future, nor did it allege that the racketeering acts were a part of the defendants' regular way of doing business" where instead the amended complaint alleged that "the

---

[7] Count XIIII alleges that the City Defendants have "engaged in a conspiracy to further and facilitate the affairs of the enterprise conduct through a pattern of criminal activity, of which CARAVELLA is but one victim." 2d Am. Compl. ¶ 261. However, this cause of action contains no elaboration about these other victims. In his response, Caravella cites allegations regarding the City of Miramar Police Department's treatment of Ian Kissoonial, Chiquita Hammonds, Cornelius Green and Macquerita Quire as allegations within the Second Amended Complaint that a scheme existed within the Department to close unsolved cases with the same or similar methods utilized against Caravella. Response at 14 (citing 2d. Am. Compl. ¶¶ 146(e)). However, Paragraph 146 is not incorporated into the civil RICO counts. 2d Am. Compl. ¶¶ 251, 265, 271. By contrast, allegations regarding similar treatment of Jerry Frank Townsend, Frank Lee Smith, Timothy Brown, John Wood, and Peter Dallas by the BSO Defendants are incorporated into the civil RICO counts. Id. ¶¶ 141, 251, 265, 271.

racketeering activity was focused on the singular objective" which would end when the scheme was achieved).

Finally, the City Defendants contend that Carvella has not sufficiently alleged a closed-ended pattern of racketeering activity because he "does not plead anything more than a single scheme by the City Officers focused exclusively on pinning a crime upon the Plaintiff and then fraudulently concealing their alleged wrongful actions until the charges against the Plaintiff were dismissed." Motion at 4-5. Plaintiff contests that he has alleged only a "single scheme" because the Second Amended Complaint contains allegations that "the goal of the individual Defendants was to close cases, by any means, for the purpose of promotions and financial gain. . . result[ing] in other wrongfully incarcerated victims." Response at 14.

The Eleventh Circuit has observed that in cases involving "only a single scheme with a discrete goal, the courts have refused to find a closed-ended pattern of racketeering even when the scheme took place over longer periods of time." Jackson, 372 F.3d at 1267. In Jackson, the district court's finding that the plaintiffs did not meet the close-ended continuity requirement sufficient to establish a RICO violation was affirmed because of the "narrow scope of the alleged racketeering activity and the limited time frame in which [wa]s said to have taken place." Id. As discussed above, the allegations in the Civil RICO counts fail to establish any conduct on the part of the City Defendants apart from a single scheme designed to unlawfully convict and incarcerate Caravella. Allegations regarding the City of Miramar Police Department's similar treatment of other individuals is not currently incorporated into the RICO counts. See 2d Am. Compl. ¶¶ 251, 265, 271. Accordingly, the Court finds that, as currently

plead Caravella has failed to adequately plead a closed-ended pattern of racketeering activity, but will afford Caravella one final opportunity to re-plead his Florida RICO claims.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants George Pierson ("Pierson"), William Mantesta ("Mantesta"), and William Guess' ("Guess") (collectively "City Defendants") Motion to Dismiss Counts XIII, XIV, and XV of the Second Amended Complaint [DE 111] is **GRANTED**;

2. Counts XIII, XIV, and XV of the Second Amended Complaint are **DISMISSED WITHOUT PREJUDICE** as to Defendants Pierson, Mantesta, and Guess only; and

3. Plaintiff may file a Third Amended Complaint on or before August 3, 2012.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24TH day of July, 2012.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.