UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-61607-CIV-COHN/SELTZER

DONALD R. SPADARO, as Limited
Guardian for ANTHONY CARAVELLA,

     Plaintiff,

v.

CITY OF MIRAMAR, etc., et al.,

     Defendants.

_____/

**ORDER DISMISSING PLAINTIFF'S APPEAL TO THE COURT'S ORDER GRANTING
IN PART AND DENYING IN PART THE CITY DEFENDANTS' MOTIONS TO COMPEL
DISCOVERY**

**THIS CAUSE** is before the Court on Plaintiff's Objections to Magistrate's Order

Granting in Part and Denying [in] Part Motions to Compel [DE 123] ("Appeal").  The

Court has considered the Appeal, the City Defendants' Response [DE 127]

('Response"), Plaintiff's Reply [DE 128], the record in this case, and is otherwise

advised in the premises.

I. BACKGROUND

This case stems from the November 1983 rape and murder of Ada Jankowski

and the subsequent arrest and conviction of Plaintiff Anthony Caravella ("Plaintiff") for

this crime.  On June 28, 2011, Donald R. Spadaro, Esq., as limited guardian for the

Plaintiff, filed suit against Defendants City of Miramar (the "City"), George H. Pierson

("Pierson"), William Mantesta ("Mantesta"), William Guess ("Guess"), Broward County

Sheriff's Office, Al Lamberti, Kenneth Jenne, and Anthony Fantigrassi, (collectively

"Defendants") alleging that the acts or practices of the Defendants had violated

Caravella's constitutional rights.  Complaint [DE 1-3] ¶ 3.  Plaintiff asserts that the actions of the City, and its officers Guess, Pierson, and Mantesta (collectively "City Defendants") lead to his false arrest, confession, and conviction for Ms. Jankowski's murder.  See, e.g., 2d. Am. Compl. [DE 107] ¶ 84.

During discovery, the City Defendants propounded interrogatory requests on Plaintiff which were designed to elicit facts supporting many of Plaintiff's contentions in the Amended Complaint.  See Order Granting in Part and Denying in Part Motions to Compel [DE 118] ("April 25, 2012 Order") at 2-4 (quoting interrogatories).  The City Defendants filed motions to compel challenging the Plaintiff's responses and objections to the interrogatories.  See City's Motion [DE 69], Mantesta Motion [DE 70], Guess Motion [DE 71], and Pierson Motion [DE 72] (collectively "Motions to Compel").  Specifically, the City Defendants contended that Plaintiff's responses to the interrogatories were improper because (1) the interrogatories were answered by a limited guardian appoint for Plaintiff and not by Plaintiff himself[1]; (2) Plaintiff improperly cited to thousands of pages of documents that are not business records; (3) Plaintiff did not specify the location within the referenced documents which contains information responsive to the requests; and (4) Plaintiff cited to documents unrelated to information sought by the City Defendants.

Judge Seltzer granted in part and denied the Motions to Compel, finding that (1) it was improper for Plaintiff to object to interrogatories and then provide a response; (2) the interrogatories did not seek any material protected by attorney-client and/or work

---

[1]    As Judge Seltzer noted in the April 25, 2012 Order, this aspect of the Motions to Compel was later withdrawn.  See DE 108.

product privilege; and (3) Plaintiff failed to described the responsive documents with specificity.  April 25, 2012 Order at 6-13.   Accordingly, Judge Seltzer ordered Plaintiff to identify the pages and paragraphs of each document he claimed was responsive, or alternatively, to provide complete written responses.  Id. at 13.  Plaintiff has now filed objections to the April 25, 2012 Order.

II. DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may decide non-dispositive motions.  Upon objection by a party, the district court may reconsider any pretrial matter where it has been shown that the magistrate judge's order is "clearly erroneous or contrary to law."  See 28 U.S.C. § 636(b)(1); Massey v. United Transp. Union, 868 F. Supp. 1385, 1388 (S.D. Ga.1994), aff'd, 65 F.3d 183 (11th Cir.1995). Accordingly, unless Judge Seltzer's determinations with respect to the matters at issue were clearly erroneous or contrary to law, those determinations shall not be disturbed.

Plaintiff contends that Judge Seltzer's "ruling is contrary to the law, as [the City] Defendants' contention interrogatories, are overbroad and unduly burdensome, and invade Plaintiff counsel's work product privilege."  Appeal at 2.  The City Defendants oppose Plaintiff's Appeal because the interrogatories only seek "material and principal facts supporting specific allegations in the lawsuit."  Response at 3.  The City Defendants also contend that the Plaintiff has failed to demonstrate that answering the interrogatories would "reveal either confidential communications between the Plaintiff and his counsel or would otherwise reveal mental impressions of the Plaintiff's counsel." Id.  Finally, the City Defendants argue that Plaintiff has failed to provide any basis to support his argument that "Judge Seltzer was incorrect in requiring the Plaintiff to

3

identify the page and paragraph numbers from the documents upon which the Plaintiff relied to answer the interrogatories." Id. For the reasons discussed below, the Court finds that Plaintiff has failed to meet his burden of demonstrating that Judge Seltzer's well-reasoned order was clearly erroneous or contrary to law.

First, the Court disagrees with Plaintiff's argument that the challenged interrogatories are overbroad and unduly burdensome. As Judge Seltzer recognized, courts within this district have held that interrogatories which seek to discover the factual basis of an opposing party's allegations are permissible. See, e.g., Donahay v. Palm Beach Tours & Transp., Inc., 242 F.R.D. 685, 688 (S.D. Fla. 2007); Belfleur v. Salman Maint. Servs., Inc., Case No. 07-20219-CIV, 2007 WL 2608668, at *4 (S.D. Fla, Sept. 5, 2007). The Court also disagrees with Plaintiff that these interrogatories are improper because they were served "at the very beginning of discovery." Motion at 6. This case has been pending over a year. Fact discovery was set to close on July 27, 2012,[2] until the recent extension of pretrial deadlines and the trial date. Since the close of fact discovery is imminent, it is not premature to require Plaintiff to respond to contention interrogatories at this time. See Linde v. Arab Bank, PLC, No. CV–04–2799 (NG)(VVP), 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012) (finding contention interrogatories were timely where discovery had been ongoing and was nearing completion). Upon review of each interrogatory in question, the Court agrees with Judge Seltzer that the interrogatories are "narrowly tailored" and are not overbroad or unduly burdensome. See April 25, 2012 Order at 9.

---

[2] The Court notes that Plaintiff originally opposed any extension of the trial date. See DE 142.

The Court also disagrees with Plaintiff's contention that the interrogatories seek material protected by the work product privilege.  As codified under Federal Rule of Civil Procedure 26(b)(3)(A), generally "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."  Fed. R. Civ. P. 26(b)(3)(A).  Here, Plaintiff argues that the interrogatories "require Plaintiff counsel's [sic] to provide her analysis of MIRAMAR's own records" in violation of the work product privilege.  Appeal at 5.  Plaintiff essentially argues that answering the interrogatories would require disclosure of work product because the responses might "reflect an attorney's opinion as to the significance of those documents in the preparation of his case."  Id. at 8 (quoting United States v. Pepper's Steel & Alloys, Inc., 132 F.R.D. 695, 698 (S.D. Fla. 1990)).  This Court disagrees.

Numerous courts have rejected the proposition that interrogatories which seek material or principal facts that support a party's allegations violate the work product doctrine.  See Perfect Web Tech. v. Insousa, Inc., 07-80286-CIV, 2008 WL 725726, at *2-3 (S.D. Fla. Mar. 17, 2008) (rejecting work-product objections to contention interrogatories that sought factual basis for defense); Hamilton v. RadioShack Corp., No. C 11–00888 LB, 2012 WL 2327191, at *4 (N.D. Cal. June 18, 2012) (rejecting work-product objection to contention interrogatories because "the work product doctrine does not protect the facts of a particular claim."); Kolker v. VNUS Med. Techs., Inc., No. C 10–0900 SBA (PSG), 2011 WL 5057094, at *6 (N.D. Cal. Oct. 24, 2011) (rejecting privilege asserted over the identity or description of witnesses or documents that may be used to support plaintiff's  allegations because the defendant had "not requested a

5

summary or even identification of 'interviews, statements, memoranda, correspondence, briefs, mental impressions,' or other aspects of an attorney's work-product subject to the protections of the work-product doctrine."). The Court finds the reasoning of the court in <u>King v. E.F. Hutton & Co., Inc.</u>, 117 F.R.D. 2, 5 n.3 (D.D.C. 1987), particularly instructive.  In that case, the District Court for the District of Columbia observed that:

> There is also an intimation by counsel for the plaintiffs that answering contention interrogatories some how encroaches upon an attorney's work product. The Magistrate summarily rejects this suggestion, for in answering contention interrogatories the party is only giving the factual specifics which the party contends supports a claim, and this in no way impinges on the attorney's impressions or analysis as to how the attorney will endeavor to apply the law to the facts. If this elementary principle were not applicable, contention interrogatories would not exist. As the Advisory Committee Note reflects, as to requests for even opinions or contentions that call for the application of law to fact, they are permissible and can be most useful in narrowing and sharpening the issues, which is the major purpose of discovery.

<u>King</u>, 117 F.R.D. at 5 n.3.  The City Defendants interrogatories are designed to elicit the factual bases which encompass Plaintiff's specific factual assertions in the Amended Complaint.  These narrowly tailored requests do not impinge on counsel's work product and are instead designed to narrow the issues.

Finally, Plaintiff argues that Judge Seltzer "incorrectly applied Rule 33(d) to the documents in question."  Appeal at 8-9.  Plaintiff states that Judge Seltzer "erred in ordering Plaintiff's counsel to identify the page and paragraph numbers from MIRAMAR Defendants' own documents or to evaluate said documents for each and every fact known to Plaintiff's counsel based upon her review of said documents."  <u>Id.</u> at 9.  Judge

6

Seltzer ruled that Plaintiff could either provide complete written responses to the City

Defendants' interrogatories or identify the pages and paragraphs of each document he

claims is responsive.  April 25, 2012 Order at 13.  As the City Defendants' point out, the

case cited by Plaintiff, Covad Communications Co. v. Revonent, Inc., 258 F.R.D. 17, 20

(D.D.C. 2009), actually supports the proposition that Plaintiff must specifically identify

the documents which support his interrogatory responses.  In that case, the court

observed that: "even if it were appropriate for Covad to answer the interrogatories by

identifying Revonet's files, it would be required to specifically identify the documents

that contain the answers."  Revonent, Inc., 258 F.R.D. at 20.  Thus, even though strictly

speaking Rule 33(d) only applies when a party responds to interrogatories by producing

its own business records, the Court nonetheless agrees with Judge Seltzer's conclusion

that Plaintiff must either provide a complete written response for each interrogatory or

cite to specific page and paragraphs of each document he claims is responsive.

III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1.	Plaintiff's Objections to Magistrate's Order Granting in Part and Denying [in] Part

Motions to Compel [DE 123] are **DISMISSED**;

2.	Plaintiff's Objections contained therein are **OVERRULED**;

3.	Plaintiff is directed to provide better answers to the City Defendants' remaining

Interrogatories on or before August 10, 2012, unless otherwise agreed by the

parties; and

4.	To the extent that any of the interrogatories relate to the recently dismissed

Florida RICO claims, Plaintiff will be required to respond to any such interrogatories within 14 days of either (1) the City Defendants' filing an answer to a Third Amended Complaint or (2) the Court denying a motion to dismiss the Florida RICO claims.[3]

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 25th day of July, 2012.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.

---

[3] The Court recognizes that the time has not yet expired for Plaintiff to file a Third Amended Complaint. The Court has nonetheless provided a time frame for Plaintiff to respond to any interrogatories related to the Florida RICO claims for the sake of completeness should these claims come back into the case after the filing of a Third Amended Complaint.