UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-61607-CIV-COHN/SELTZER

DONALD R. SPADARO, as Limited
Guardian for ANTHONY CARAVELLA,

    Plaintiff,

v.

CITY OF MIRAMAR, etc., et al.,

    Defendants.
_____/

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S ORDER GRANTING DEFENDANT CITY OF MIRAMAR'S MOTION FOR A PROTECTIVE ORDER

**THIS CAUSE** is before the Court on Plaintiff's Objections to Magistrate's Order Granting Defendant City of Miramar's Motion for Protective Order [DE 152] ("Objections"). The Court has considered the Objections, the City of Miramar's Response [DE 171] ('Response"), Plaintiff's Reply [DE 178], the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

This case stems from the November 1983 rape and murder of Ada Jankowski and the subsequent arrest and conviction of Plaintiff Anthony Caravella ("Plaintiff") for this crime. On June 28, 2011, Donald R. Spadaro, Esq., as limited guardian for the Plaintiff, filed suit against Defendants City of Miramar (the "City"), George H. Pierson, William Mantesta, William Guess, Broward County Sheriff's Office, Al Lamberti, Kenneth Jenne, and Anthony Fantigrassi, (collectively "Defendants") alleging that the acts or practices of the Defendants had violated Plaintiff's constitutional rights.

Complaint [DE 1-3] ¶ 3.

Plaintiff issued subpoenas to the City's current Chief of Police, Kenneth Dunn ("Dunn") and the City's current Assistant Police Chief, Ray Black ("Black"), which required them to appear for depositions on July 17, 2012, and July 16, 2012, respectively. See Subpoenas [DE 131-1 and DE 131-2]. On June 22, 2012, the City filed a motion seeking a protective order to prevent the depositions from moving forward. Motion for Protective Order [DE 131]. Specifically, the City contended that the Plaintiff should be prevented from taking the depositions of the two highest ranking City police department officials because neither Dunn nor Black participated in the investigation of Plaintiff and information regarding the policies and practices of the City would be more properly sought through a Rule 30(b)(6) deposition. Id. at 1-2.

Judge Seltzer granted the Motion for Protective Order, finding that (1) Dunn and Black were high-ranking government officials; (2) Plaintiff had failed to meet his burden of demonstrating that he could not obtain the relevant information from another source; and (3) Plaintiff failed to establish a "relevant nexus between the facts of the instant case and Defendant Pierson's supervision of Chief Dunn or Assistant Chief Black during their respective law enforcement careers." July 10, 2012 Order [DE 138] at 5-6. Plaintiff has now filed objections to the July 10, 2012 Order.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may decide non-dispositive motions. Upon objection by a party, the district court may reconsider any pretrial matter where it has been shown that the magistrate judge's order is "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1); Massey v. United Transp.

Union, 868 F. Supp. 1385, 1388 (S.D. Ga.1994), aff'd, 65 F.3d 183 (11th Cir.1995). Accordingly, unless Judge Seltzer's determinations with respect to the matters at issue were clearly erroneous or contrary to law, those determinations shall not be disturbed.

Plaintiff contends that the July 10, 2012 Order should be overturned for the following reasons: " (1) neither Dunn nor Black are 'high ranking officials' (2) even if they are 'high ranking officials,' no affidavit has been submitted to provide 'good cause' for being excluded from being deposed, and (3) even if they are 'high ranking officials,' the Plaintiff has demonstrated through the very fact specific Second Amended Complaint, and other supporting evidence, that these two individuals have 'relevant' information to the claims which no one else can provide."  Objections at 5.  The City opposes the Objections, arguing that Judge Seltzer correctly held that Dunn and Black are high-ranking officials that may not be deposed absent extraordinary circumstances. Response at 2-3.  The City also contends that it was Plaintiff's burden to demonstrate extraordinary circumstances which necessitate Dunn and Black's depositions. Id. at 3. Finally, the City states that Plaintiff failed to meet his burden of demonstrating the need for Dunn or Black's deposition.  Id. at 4.  For the reasons discussed below, the Court declines to overturn Judge Seltzer's well-reasoned July 10, 2012 Order.

Plaintiff first argues that Dunn and Black are not high-ranking officials because they "are not part of the legislative or executive branch of the CITY OF MIRAMAR government." Objections at 12.  The City rejects this contention, arguing that "[t]here can be no serious debate that Chief Dunn and Assistant Chief Black are high-ranking officials and Chief Magistrate Seltzer properly held so accordingly." Response at 3. The Court finds that Judge Seltzer's determination that Dunn and Black where high-

ranking officials was neither clearly erroneous or contrary to law.  Numerous cases have held that police chiefs are high-ranking government officials who may not be deposed absent extraordinary circumstances.  See, e.g., Jarbo v. Cnty. of Orange, No. SACV 05-00202-JVS, 2010 WL 3584440, at *2 (C.D. Cal. Aug. 30, 2010) (concluding that the Sheriff of Orange County is a high-ranking government official and granting motion for protective order); Jackson v. City of Detroit, No. 05-74236, 2007 WL 22225886, at *1 (E.D. Mich. Aug. 1, 2007) (describing police chief of City of Detroit as a high-ranking government official); see also July 10, 2002 Order at 3 (citing cases).

Because he "has presented substantial evidence that Dunn and Black would be able to provide 'relevant and necessary' information 'essential' to his claims," Plaintiff contends that the burden should have been on the City to demonstrate good cause for a protective order.  Objections at 17.  Plaintiff takes issue with the Judge Seltzer's reliance upon City of Fort Lauderdale v. Scott, No. 10–61122–CIV, 2012 WL 760743 (S.D. Fla. Mar. 7, 2012), an opinion also issued by Judge Seltzer.  Plaintiff ignores, however, that the Scott opinion was based upon a burden-shifting test articulated by other district courts. Specifically, other courts have held that:

> As a threshold matter, an official objecting to a deposition must first establish that she is sufficiently "high-ranking" to invoke the deposition privilege; once the Court determines that an official is entitled to invoke the privilege, the burden shifts to the party seeking to depose the high-ranking official. See United States v. Sensient Colors, Inc., 649 F. Supp. 2d 309, 320 (D.N.J. 2009). A party seeking the deposition of a high-ranking government official must show: (1) the official's testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that cannot reasonably be obtained from other sources; (3) the testimony is essential to the case at hand; (4) the deposition would not significantly interfere with the ability of the official to perform his government duties; and (5) the evidence sought is not available through less burdensome means or alternative sources. Id. (citing Buono v. City of Newark, 249 F.R.D. 469, 471 n. 2 (D.N.J. 2008))

Thomas v. Cate, 715 F. Supp. 2d 1012, 1049 (E.D. Cal. 2010).  Thus, since Judge Seltzer properly determined that Dunn and Black were high-ranking officials, it was not clearly erroneous to shift the burden to Plaintiff to demonstrate the need for the depositions.[1]

Finally, the Court finds that Judge Seltzer's conclusion that Plaintiff failed to satisfy his burden of demonstrating extraordinary circumstances that would justify the depositions of Dunn and Black was not clearly erroneous.  In his opposition to the Motion for Protective Order, Plaintiff failed to provide any non-conclusory allegations from which the Court could conclude that Dunn and Black possessed relevant information regarding the investigation of Plaintiff and the City's document retention policies or that this information was not available from lower-level employees.  See DE 135.  Indeed, the only specific evidence that Plaintiff provided the Court regarding Dunn and Black's alleged personal knowledge was an excerpt from the deposition transcript of Defendant George Pierson which indicated that Dunn and Black were once under the direct supervision of Pierson.  Excerpt of the Deposition of George Pierson, Exhibit D to Plaintiff's Response in Opposition to the City's Motion for a Protective Order [DE 135-4].  The Court agrees with Judge Seltzer's conclusion, however,  that Plaintiff "fail[ed] to

---

[1] The Court is not persuaded by Plaintiff's reliance upon Gray v. Kohl, No. 07-10024-CIV, 2008 WL 1803643 ( S.D. Fla. Apr. 21, 2008).  Objections at 18.  In Kohl, the court allowed the plaintiff to depose a county sheriff regarding executive level policy decisions despite finding that the sheriff was a high-ranking government official.  2008 WL 1803643, at *2.  Here, there has been no showing by Plaintiff that the depositions of Dunn and Black are necessary.

demonstrate any relevant nexus between the facts of the instant case and Defendant Pierson's supervision of Chief Dunn or Assistant Chief Black during their respective law enforcement careers."  July 10, 2012 Order at 6.

Although Plaintiff has attached ten exhibits to the instant Objections which purport to demonstrate the relevant knowledge of Dunn and Black, none of these exhibits were put before Judge Seltzer.  "Clear error is a highly deferential standard of review."  Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citations and quotations omitted); see also Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1) (A) ] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.").  Here, it is apparent from the record before Judge Seltzer that no mistake was made.  This Court will not overturn the July 10, 2012 Order when Plaintiff failed to meet his burden of demonstrating extraordinary circumstances necessitating the depositions of high-ranking officials Dunn and Black before Judge Seltzer.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Objections to Magistrate's Order Granting Defendant City of Miramar's Motion for Protective Order  [DE 152] are **OVERRULED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 21st day of August, 2012.

Copies provided to counsel of record via CM/ECF.