UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-61607-civ-Cohn/Seltzer

DONALD R. SPADARO, as limited
Guardian for ANTHONY CARAVELLA,

      Plaintiff,

v.

CITY OF MIRAMAR, et al.,

      Defendants.

_____/

## DECLARATION OF JAMES K. GREEN REGARDING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

    James K. Green states under penalty of perjury:

    1.    My name is James K. Green, and I am the sole shareholder in the law firm of James K. Green, P.A.

    2.    I will address two issues in this declaration, the reasonableness of the hours for which compensation is sought, and the reasonableness of the rates sought for that work.

    3.    I am admitted to practice law before the Supreme Court of Florida, the District of Columbia Court of Appeals, the United States District Court for the Southern District of Florida, the United States District Court for the Middle District of Florida, the United States District Court for the Northern District of Florida, the United States Circuit Court of Appeals for the Fourth Circuit, the United States Circuit Court of Appeals for

the Fifth Circuit, the United States Circuit Court of Appeals for the District of Columbia, the United States Circuit Court of Appeals for the Eleventh Circuit, and the United States Supreme Court. I have been practicing law since 1977.

4.     I received my law degree from Antioch School of Law in 1976. I earned my B.A. degree from the University of Pennsylvania in 1973. I served in the Office of the Public Defender in West Palm Beach, Florida from 1976 - 1979. I engaged in the private practice of law with the law firm of Green, Eisenberg and Cohen from 1979 - 1990 spending a significant amount of time litigating criminal, including capital, cases and civil rights cases in state and federal courts. I have been in private practice as sole shareholder of James K. Green, P.A. in West Palm Beach, Florida, since October, 1990.

5.     I am familiar with the criteria used to determine the awarding of attorney's fees for representation in civil rights cases. Some of the unique criteria used to evaluate these types of cases involve consideration of the fact that this case was taken on a contingency basis

6.     Based on my experience practicing civil rights litigation in Florida, and particularly in litigating matters before the United States District Court for the Southern District of Florida, I am familiar with the customary fees charged by attorneys practicing civil rights law.

7.     My law practice is concentrated in constitutional law and civil rights litigation. I was the President of the American Civil Liberties Union of Florida from

2

1992 through 1995. Prior to that I was its Legal Director. I have been involved in the litigation of numerous civil rights cases, both for individuals and organizations. I have written a number of amicus curiae briefs for the United States Supreme Court in constitutional cases. I have also lectured on constitutional law and constitutional issues at various law schools.

8. I have considered the following circumstances of this particular case:

(a) The time and labor required, the novelty and difficulty of the civil rights questions involved, and the skill requisite to perform this unique legal service properly;

(b) The likelihood, if apparent to the client, that acceptance of this particular case would preclude employment of counsel by others or cause antagonisms with other clients;

(c) The fee customarily charged for similar legal services in the community;

(d) The issues involved and the benefits resulting to the Plaintiff;

(e) The time limitations imposed by the Plaintiff or the circumstances;

(f) The nature and length of the professional relationship with the Plaintiff;

(g) The experience, reputation, and ability of counsel in constitutional cases; and

(h) The number of hours required to adequately represent the Plaintiff's case.

3

9.      I have reviewed key pleadings and the jury verdict in this case.  I have also reviewed the time records submitted by the Plaintiff in this case.  I have conferred at length with Ms. Heyer with respect to this matter.  I regard Ms. Heyer to be a highly accomplished practitioner, if not the most highly regarded such practitioner in the area of damages for police misconduct in the State of Florida.

10.      I am also familiar with the law governing court awards of attorney's fees and have testified numerous times as an expert on that subject.  I am the co-author of a law review article on civil rights attorney's fees, James K. Green & Barbara Kritchevsky, *Litigating Attorney's Fees:  Running the Gauntlet*, 37 URB. LAW. 691 (2005).  Moreover, I have spoken in the South Florida legal community concerning civil rights litigation, and have attended seminars and workshops relating to constitutional and civil rights litigation. A sampling of my cases and more details about my background are set forth in my resume, which is attached hereto as Exhibit A.

9.      I have been asked to serve as an expert witness on the questions of the reasonable rates, costs and expenses to be awarded Plaintiff's Counsel in this case.  In serving as an expert witness, I consulted with Plaintiff's counsel Barbara Heyer in the preparation of her fee submission.  I submit this declaration setting forth my opinions with respect to reasonable rates, hours and costs.

10.      Ms. Heyer's time records reveal that large amounts of time have already been deleted in the exercise of billing judgment.

4

11.    Plaintiff's counsel has exercised reasonable billing judgment, as she is required to do under existing case law, in submitting Plaintiff's fee petition to the court. Ms. Heyer no-charged (N/C) approximately 26.0 hours in the Attorney Hours of Barbara A. Heyer, Esq. ("Attorney Hours") in late December, 2012, did not claim 30.5 hours in Attorney Hours Section V (a 25% reduction in time spent on unsuccessful claims against the City), and did not claim 17.5 hours in Attorney Hours Section VI. However, as to Section V, while I have no doubt that Ms. Heyer spent that time and that the time spent litigating the claims against the City was generally helpful to the overall result, I believe a further 25% reduction of that time, or an additional 30.5 hours, is appropriate. In light of the above, I believe that Plaintiff's counsel properly and reasonably expended 1,572.3 hours in this litigation for which she should be compensated.[1]

12.    I have personally surveyed various law firms in this District. The hourly rate for lawyers such as Ms. Heyer with 30-plus years' experience in federal litigation in the Southern District of Florida, is between $450 and $625 per hour.

13.    I base that on my own firm's billings and awards, my own surveys of hourly rates charged in this District, Daily Business Review surveys of local rates, and recent awards in the Southern District of Florida.

14.    I currently bill new clients between $450 and $600 per hour. Some of my co-counsel bill and get paid by paying clients as much as $800 per hour in this district.

---

[1] I also asked Ms. Heyer about the 24.0 hours she spent traveling to and from San Francisco between February 25 and 28, 2012, and she assured me that most of that travel time was spent working on the file. Accordingly I believe that time is also fully compensable.

5

15.     As to Daily Business Review surveys of local rates, *see* Composite Exhibit B: September 18, 2006, Daily Business Review "Special Report: Lawyers Compensation Survey" (finding the 2006 "hourly rates of South Florida law firm partners generally range from $300-$500, while associates generally bill between $150 and $350."); September 18, 2006, Daily Business Review "Cover Story – A guide to our methodology" with charts reflecting billing rates; December 15, 2008, Daily Business Review "Billing Survey – Seven of 10 law firms charge more than they did last year despite tough economy"; October 12, 2009, Daily Business Review "South Florida Billing Survey" (reflecting hourly rates for partners ranging from $210 to $765 and from $175 to $400 for associates); October 11, 2010, Daily Business Review "South Florida Billing Survey"[2] (reflecting hourly rates after November 2009 for partners ranging from $315 to $785 and from $175 to $425 for associates).

16.     As to recent awards in the Southern District of Florida, *see* CBS *Broadcasting, Inc. v. Browning*, No. 06-22463, 2007 WL 2850527 at *7, *12 (S.D. Fla. Sept. 21, 2007) (awarding fees based upon Southern District of Florida at rates of $550 and $525 for New York partners); *Topp, Inc., v. Uniden America Corp.*, No. 05-21698, 2007 WL 2155604 (S.D. Fla. July 25, 2007) ($551 per hour on motion to compel deposition); *CC-Aventura, Inc. v. Weitz Co., LLC*, No. 06-21598, 2008 WL 276057 (S.D. Fla. Jan. 31, 2008) ($400 per hour for eighth-year associate on sanctions motion);

---

[2]     Available at:
http://pdfserver.amlaw.com/dbr/Lawyer_Comp_webcharts101110.pdf.

*Harbaugh v. Greslin*, 365 F.Supp.2d 1274, 1282 (S.D. Fla. 2005)($500 per hour request reduced to $400 per hour because of failure to present range of hourly rates)).

17.     The jury verdict in this case for this one plaintiff is the highest single damages award for police misconduct that I can recall in the Southern District of Florida.

18.     Based upon the above, and subject to the additional reduction in ¶ 11 and the range of hourly rates in ¶ 12, it is my opinion that the hours and hourly rates sought by Plaintiff in his Motion for Attorney's Fees and Costs are well within the hours and range of rates charged to paying clients in the Southern District of Florida.

19.     I have no interest in the outcome of these proceedings and am not associated with or employed by the Plaintiff or the Defendants, or by their attorneys.

20.     I have spent 14.8 hours reviewing the file and conferring with Ms. Heyer in preparing this declaration at a rate of $550 per hour.

21.     I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of May, 2013.

JAMES K. GREEN
Florida Bar No. 229466

# EXHIBIT A

## RESUME

JAMES K. GREEN
James K. Green, P.A.
Esperantè Building - Suite 1650
222 Lakeview Avenue
West Palm Beach, Florida 33401
Telephone: (561) 659-2029
Facsimile:   (561) 655-1357

## EDUCATION

| | | |
|---|---|---|
| B.A. | University of Pennsylvania<br>Dean's List | 1973 |
| J.D. | Antioch School of Law<br>Honors Thesis; Reginald Heber<br>Smith Fellowship (declined) | 1976 |

## PROFESSIONAL EXPERIENCE

Office of the Public Defender
West Palm Beach, Florida                                    1976-1979

    From July 1, 1976 through July 1, 1979, I practiced criminal law exclusively on all levels in state and federal courts.

Green, Eisenberg & Cohen
West Palm Beach, Florida                                    1979-1990

    From 1979 through 1990, I engaged in the private practice spending a significant amount of time litigating criminal, death penalty and civil rights cases in state and federal courts.

James K. Green, P.A.
West Palm Beach, Florida                                    1990- present

## BAR ADMISSIONS

Supreme Court of Florida                                    1977

United States Supreme Court                                 1980

United States District Court
for the Southern District of Florida                        1977

| | |
|---|---|
| United States District Court<br>for the Middle District of Florida | 1983 |
| United States District Court<br>for the Northern District of Florida | 2009 |
| United States Circuit Court of Appeals<br>for the Fourth Circuit | 1999 |
| United States Circuit Court of Appeals<br>for the Fifth Circuit | 1977 |
| United States Circuit Court of Appeals<br>for the District of Columbia | 1979 |
| United States Circuit Court of Appeals<br>for the Eleventh Circuit | 1982 |
| District of Columbia Court of Appeals | 1978 |

## **GENERAL LITIGATION EXPERIENCE** (partial list of published and significant cases)

### Antitrust

Marquis v. U.S. Sugar Corporation, et al., 652 F.Supp. 598 (S.D. Fla. 1987) (represented claims of U.S. workers in antitrust action against sugar companies).

Harvey v. NASCAR, 84 - 95 Reed (M.D. Fla.) (represented race car driver in antitrust action against racing association).

### Attorneys' Fees

Jonas v. Stack, 758 F.2d 567 (11th Cir. 1985) (held that prevailing attorney entitled to reimbursement for attorneys' fees expended in litigating fee application).

Dunbar v. City of Belle Glade, Case No. 79 8341 CIV HASTINGS (S.D. Fla.) (testified as plaintiffs' expert regarding reasonableness of fee request).

Calaway v. South Florida Water Management District, Case No. 85 1173, 15th Judicial Circuit, State of Florida (represented successful attorney in fee application ).

Church of Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520 (1993) (represented successful attorneys in fee litigation).

LaMarca v. Turner, 995 F.2d 1526 (11th Cir.1993)(fees expert after remand in prisoners' rights case where inmates were threatened with physical violence and assaulted by other inmates

at Glades Correctional Institution because they refused to participate in brutal same-sex rapes, or pay protection to be left alone).

Mendelson et al. v. City of St. Cloud, et al., Case No. 87 205 ORL 18 (M.D. Fla.) (represented successful attorneys in fee application).

### Commercial Litigation

Rayfield Inv. Co. v. Kreps, 35 So.3d 63 (Fla. 4th DCA 2010) (notwithstanding creditor's knowledge that Palm Beach gallery had some consignments in its inventory, creditor who perfected security interest had superior interest in rare painting over that of consignor).

### Constitutional Rights

American Civil Liberties Union, Inc. v. The Florida Bar, 744 F. Supp. 1094 (N.D. Fla. 1990) (declared unconstitutional application of Canon 7(B) of the Code of Judicial Conduct to campaign speech).

American Civil Liberties Union, Inc. v. The Florida Bar, 999 F.2d 1486 (11th Cir. 1993) (State bar was proper defendant in challenging constitutionality of judicial code where candidate was lawyer who fell within bar's disciplinary jurisdiction when suit was filed; controversy remained live even after bar and JQC stated in court papers that code could not constitutionally be applied to candidate's proposed campaign speech).

Baptiste, et al. v. City of West Palm Beach, et al., Case No. 86 8335 CIV DAVIS (S.D. Fla.) (class action challenging pattern of Fourth Amendment violations against Haitians by police department; consent decree).

Blackmun v. Wille, 980 F.2d 691 (11th Cir.1993)(represented inmate class in jail conditions case in Palm Beach County; obtained sweeping injunctive relief).

Bland v. Norvell, Case No. 80 8251 CIV PAINE (S.D. Fla.) (represented inmate class in jail conditions case in St. Lucie County; obtained sweeping relief by partial consent decree and injunction).

Brayshaw v. City of Tallahassee, Fla., 709 F.Supp.2d 1244  (N. D. Fla. 2010) (Florida statute proscribing the unauthorized publication of the home address or telephone number of any law enforcement officer, with malice and intent to intimidate on the part of the speaker, was not narrowly tailored to serve the state interest of protecting police officers from harm or death, and thus was facially invalid under the First Amendment).

Bruce v. Beary, 498 F.3d 1232 (11th Cir.2007) (fact issues existed as to whether warrantless administrative inspection of shop was reasonable; fact issues existed as to reasonableness of officers' seizure of, and refusal to return, owner's property; fact issues existed as to whether sheriff had policy of inadequately training officers regarding execution of

administrative inspections; single instance of withholding property seized from auto body repair shop, after state court ordered that such property be returned to shop owner, could subject county sheriff, as policymaker, to liability for constitutional violation).

Bryant v. Wainwright, 686 F.2d 1373 (11th Cir. 1982) (represented African American woman in federal habeas corpus challenge alleging racial and sexual discrimination in Florida grand jury selection process).

City of Delray Beach v. Barfield, 579 So. 2d 315 (Fla. 4th DCA 1991) (public records case).

Chandler v. Baird, 926 F.2d 1057 (11th Cir.1991) (evidence created genuine issue of material fact whether conditions of administrative confinement, principally with regard to cell temperature and provision of hygiene items, violated the Eighth Amendment, precluding summary judgment).

Cooper v. Dillon, 403 F.3d 1208 (11th Cir. 2005) (Police chief had final policymaking authority for City of Key West in law enforcement matters, and his decision to enforce Florida statute prohibiting disclosure of nonpublic information by participant in internal investigation of law enforcement officer against newspaper publisher was adoption of "policy" that caused deprivation of publisher's First Amendment rights sufficient to render municipality liable under § 1983).

Cronin v. Holt, Case No. 81 8309 CIV SPELLMAN (S.D. Fla.) (represented inmate class in jail conditions case in Martin County; obtained sweeping relief by consent decree).

DeWeese v. Town of Palm Beach, 812 F.2d 1365 (11th Cir. 1987) (declared Palm Beach shirtless jogging statute unconstitutional).

Department of Revenue v. Kuhnlein, 646 So.2d 717 (Fla. 1994) (Because Florida courts are tribunals of plenary jurisdiction, federal standing requirements do not apply to Florida courts; neither the sovereign immunity nor common law defenses apply to claims brought under either the state or federal constitutions).

Doe v. Florida Supreme Court and the Florida Bar, 734 F. Supp. 981 (S.D. Fla. 1990) (declared unconstitutional a regulation requiring confidentiality of complaints against lawyers to the Florida Bar).

Doe v. Gonzalez, 723 F. Supp. 690 (S.D. Fla. 1988) (declared unconstitutional a Florida statute requiring confidentiality of complaints to Florida Ethics Commission).

Doe v. State of Fla. Judicial Qualifications Comm'n., 748 F. Supp. 1520 (S.D. Fla. 1990) (declared unconstitutional a Florida constitutional prohibition on disclosure of fact that complaint had been filed with Judicial Qualifications Commission).

Esquivel v. Village of McCullom Lake, 633 F. Supp. 1199 (N.D. Ill. 1986) (trial counsel for family whose house was wrongfully demolished for health code violations without due process of law).

Florida Consumers Federation v. City of Plantation and City of Tamarac, Case No. 83 6141 CIV EATON (S.D. Fla.) (declared municipal canvassing ordinances unconstitutional).

Frazier v. Alexandre, et al., 434 F.Supp.2d 1350 (S. D. Fla. 2006) aff'd in part, reversed in part sub nom Frazier v. Winn, 535 F.3d 1279 (11th Cir.2008) ( Florida statute mandating parental permission for students to refuse to recite pledge declared unconstitutional).

Fulani v. Krivanek, 973 F.2d 1579 (11th Cir. 1992) (declared unconstitutional a Florida statute allowing independent but not minor party candidates from obtaining waiver of signature verification fees upon showing of indigency).

Hickox v. Tyre, Case No. 87-8327-CIV-ZLOCH (S.D. Fla.) (declared unconstitutional §112.533, Fla. Stat., that criminalized dissemination of truthful information concerning complaints against law enforcement officers).

Jakin v. City of Sebring, Case No. 82 8224 CIV MARCUS (represented former inmate challenging constitutionality of jail strip search policy).

Johnson v. Bush, 214 F.Supp.2d 1333 (S.D. Fla. 2002), aff'd in part, rev'd in part and remanded, 353 F.3d 1287 (11th Cir. 2003); rehearing en banc granted, opinion vacated, 377 F.3d 1163 (11th Cir. 2004) (co-counsel in class action challenging Florida's felon disenfranchisement law; challenge ultimately rejected)

Kerr, et al. v. City of West Palm Beach, 875 F.2d 1546 (11th Cir. 1989) (reinstated jury verdict finding city encouraged atmosphere of lawlessness and was grossly negligent in supervision of police canine unit).

Naturist Society, Inc. v. Fillyaw, 958 F.2d 1515 (11th Cir. 1992) (adoption of amended regulations did not render controversy moot; state beach was a public forum).

Reinish v. Clark, 765 So.2d 197 (Fla. 1st DCA 2000), rev. denied, 790 So.2d 1107 (Fla. 2001), cert. denied, 534 U.S. 993 (2001)(Florida's constitutional and statutory homestead tax exemption provisions did not constitute a *per se* violation of the Dormant Commerce Clause).

Spillias v. City of West Palm Beach, Case No. 82 8319 CIV GONZALEZ (S.D. Fla.) (represented county commissioner candidate in successful First Amendment challenge to constitutionality of municipal sign ordinance).

Strickland v. Sheppard, Case No. 83 8428 CIV NESBITT (S.D. Fla.) (represented inmate class in jail conditions case in Highlands County; obtained sweeping relief by partial consent decree and injunction).

Sydney v. Pingree, 564 F.Supp. 412 (S.D. Fla. 1982) (declared part of Chapter 393, Florida Statutes, unconstitutional as violating parents' constitutional right to name children).

United Farm Workers of America, AFL CIO v. Quincy Corp., 681 So.2d 773 (Fla. 1st DCA 1996) (Ex parte temporary injunction, prohibiting farm workers' union from taking certain actions in support of union organizing efforts, violated rule governing temporary injunctions; nothing in record indicated that notice was given to union, and injunction did not define injury, state findings as to why injury might be irreparable, or give reasons why injunction was granted without notice).

Vogt v. School Board, Case No. 81 8217 CIV GONZALEZ (S.D. Fla.) (First Amendment case establishing right of access for draft counselors to public schools).

Wallace v. Town of Palm Beach, 624 F. Supp. 864 (S.D. Fla. 1985) (declared Palm Beach worker identification law unconstitutional).

Warner v. City of Boca Raton, 267 F.3d 1223 (11th Cir.2001) (Class action free exercise of religion claim challenging City's prohibition on vertical grave decorations; issues of first impression relating to application of Florida Religious Freedom Restoration Act (RFRA) to owners' claims certified to Florida Supreme Court; questions answered adverse to class, 887 So.2d 1023(Fla.2004)).

Whiting v. Traylor, 85 F.3d 581 (11th Cir.1996) (§ 1983 claim for malicious prosecution in violation of Fourth Amendment rights exists, at least insofar as it is based on some actual, unlawful, forcible restraint of plaintiff's person, and boat owner stated such claim).

Wodka v. Jamason, Case No. 80 8375 CIV HASTINGS (S.D. Fla.) (represented inmate class in jail conditions case in City of West Palm Beach; jail closed by consent decree).

Wright v. Sheppard, 919 F.2d 665, 669 (11th Cir.1990) (Remand necessary in civil rights action arising out of alleged battery during deputy sheriff's attempt to collect private debt where trial court did not address various types of compensable damages that debtor claimed to have suffered, such as physical injuries other than loss of teeth, nonphysical injuries such as humiliation, emotional distress and suffering, continued pain in debtor's mouth, and loss of use and physical pain caused by arm injury; also "This case cries out for punitive damages as punishment. The wrongs were especially offensive in their nature.").

**Disability Rights**

Concerned Parents v. City of West Palm Beach, 846 F. Supp. 986 (S.D. Fla. 1994) (budget cuts which resulted in disproportionate reduction in recreational services for people with disabilities violated ADA).

Doe v. Judicial Nominating Commission, 906 F. Supp. 1534 (S.D. Fla. 1995) (questions concerning physical and mental health on applications for judicial appointments violated ADA).

Doe v. Stincer, 175 F.3d 879, 884 (11th Cir. 1998) (nothing in the PAMII Act requires a protection and advocacy organization to name a specific individual in bringing suit to redress violations of the rights of individuals with mental illnesses; rather, "[t]he text of PAMII grants standing to protection and advocacy systems to pursue legal remedies to 'ensure protection of individuals with mental illness.'")

Ellen S. v. Florida Board of Bar Examiners, 859 F. Supp. 1489 (S.D. Fla. 1994) (questions on bar application and follow-up inquiries regarding treatment for mental illness violated ADA).

Jeffrey O. v. City of Boca Raton, 511 F.Supp.2d 1339 (S.D. Fla. 2007) (provision of city code, which capped the number of unrelated individuals who could live together in residential zones at three, violated Fair Housing Act because it did not establish a reasonable accommodation procedure; another provision of city code, which prohibited sober homes in residential neighborhoods by defining them as substance abuse treatment facilities also violated Fair Housing Act).

Johnson v. Florida, 348 F.3d 1334 (11th Cir. 2003)(class action challenging quality of treatment and placement at state mental hospital; obtained sweeping relief by partial consent decree requiring placements of 375 patients in community and closure of over 450 hospital beds; forced closure of hospital; state not entitled to termination of consent decree; consent decree dissolved in 2010 upon compliance after nearly 25 years of litigation).

**International Human Rights**

Arce, et al. v. Garcia and Vides-Casanova, 434 F.3d 1254 (11th Cir.2006) (co-lead counsel in Torture Victim Protection Act (TVPA) and Alien Tort Claims Act (ATCA) case for plaintiffs who obtained $54.6 million jury verdict against former Salvadoran Ministers of Defense; featured in National Law Journal Top 100 Verdicts, 2002; district court did not abuse its discretion by equitable tolling of statute of limitations on Salvadoran refugees' claims under TVPA and ATCA, which alleged that two Salvadoran military officials were responsible for torture of refugees by soldiers in El Salvador during the course of a campaign of human rights violations, until the end of the civil war in El Salvador, even though officials left El Salvador to reside in the United States three years earlier; prior to end of civil war, refugees legitimately feared reprisals from Salvadoran military, as military regime remained in power until end of civil war).

**Labor**

Okeelanta Corporation, et al. v. Bygrave, 660 So.2d 743 (Fla. 4th DCA 1995) (co-counsel in class action on behalf of more than 25,000 foreign sugarcane cutters for breach of contract; obtained $51,000,000 judgment for class; reversed and remanded for trial).

7

**Land Use**

Boca Development Associates, Ltd. v. Palm Beach County, et al., Case No. 85 6792 CIV PAINE (S.D. Fla.) (represented developer in land use case alleging denial of due process).

Southern Entertainment v. City of Boynton Beach, Case No. 89 8210 CIV SCOTT (S.D. Fla.) (defended constitutionality of zoning law for municipality).

Educational Development Center, Inc. v. City of West Palm Beach Zoning Bd. of Appeals, 541 So.2d 106 (Fla. 1989) (established extent of district court's certiorari review of circuit court's order overturning decisions of administrative agencies).

**Privacy Rights**

Rios v. Direct Mail Express, Inc., 435 F.Supp.2d 1199 (S.D. Fla. 2006) (motorists stated a claim that marketer knowingly obtained records in violation of Drivers' Privacy Protection Act (DPPA); marketer was not entitled to defense of good faith reliance on state motor vehicles department to comply with law; statute did not require allegation that marketer knowingly violated DPPA; DPPA preempted state constitutional provision and state statute governing disclosure of motor vehicle records; and DPPA did not violate Tenth Amendment).

**Amicus Curi**

In Re: The Petition of Kerry Mark Hooper to Change Name, 436 So.2d 401 (Fla. 2nd DCA 1983) (wrote amicus brief for Florida Association of Woman Lawyers).

City of Pompano Beach v. Capalbo, 455 So.2d 468 (Fla. 4th DCA 1984), cert. denied, 461 So.2d 113 (Fla. 1985); cert. denied, 474 U.S. 1000 (1985) (wrote amicus brief for American Civil Liberties Union of Florida, Inc.).

Long v. State of Florida, 570 So.2d 257 (Fla. 1990) (wrote amicus brief for American Civil Liberties Union of Florida, Inc.).

Butterworth v. Smith, 494 U.S. 624 (1990) (on amicus brief for American Civil Liberties Union of Florida, Inc.).

State v. Davis, 516 So.2d 953 (Fla. 4th DCA 1986) (wrote amicus brief for Florida Public Defender's Association).

Florida v. Riley, 488 U.S. 445 (1989) (on amicus brief for American Civil Liberties Union Foundation of Florida, Inc.).

Palm Beach County v. Hudspeth, 540 So.2d 147 (Fla. 4th DCA 1989) (wrote amicus brief for American Civil Liberties Union Foundation of Florida, Inc.)

8

**Special Master**

Givens v. Hamlet Estates, Ltd., Case No. 90-1908-CIV-NESBITT (S.D. Fla. 1990) (Appointed special master to determine damages of individual class members in $3.4 million settlement of class action housing discrimination lawsuit).

**Miscellaneous**

Former outside counsel to cities of Boynton Beach, Riviera Beach, and Palm Beach Gardens, Florida

Legal Director for the American Civil Liberties Union of Florida (1987-1992)

## PUBLICATIONS

Jury Challenges in Florida: Improving the Composition of Juries, Florida Bar Journal (May 1980)

Truth Maybe, But At What Consequence?, Palm Beach Post (April 1985)

James K. Green & Barbara Kritchevsky, Litigating Attorney's Fees: Running the Gauntlet, 37 URB. LAW. 691 (2005)

## LECTURES

AMERICAN ASSOCIATION OF LAW SCHOOLS, San Francisco (Speaker on attorney's fees litigation in civil rights cases)

AMERICAN CIVIL LIBERTIES UNION, University of Wisconsin (Speaker on monitoring compliance in jail and prison conditions cases)

AMERICAN CIVIL LIBERTIES UNION OF FLORIDA, West Palm Beach, Florida (Moderator of panel discussion of police misconduct/prisoner litigation)

FEDERAL BAR ASSOCIATION, Fort Lauderdale, Florida (Speaker on Section 1983 litigation)

FEDERAL PROBATION OFFICER'S ASSOCIATION, Ft. Lauderdale, Florida (Speaker on corrections in the community)

NATIONAL IMMIGRATION LAW CENTER, Miami, Florida (Speaker on Section 1983 remedies for state/local official misconduct involving aliens)

TULANE LAW SCHOOL CLE, New Orleans, Louisiana (Speaker on ethics and Section 1988 attorney's fees)

9

UNIVERSITY OF CALIFORNIA (Boalt Hall Law School), Berkeley, California (Speaker on "Understanding and Proving Privacy Harm")

UNIVERSIDAD SANTO TOMAS, LA FACULTAD DE DERECHO, Bogotá, Colombia (Lecturer, "Casos Colombianos de Violacion de Derechos Humanos Litigados en Estados Unidos y Estrategias de Litigio ante cortes Norteamericanas," November 2009)

## CIVIC ACTIVITIES

President, American Civil Liberties Union of Florida, Inc. (1993-1996)

Legal Director, American Civil Liberties Union of Florida, Inc. (1987-1992)

Director, Haitian-American Community Center, Inc. (1984-1987)

President, Palm Beach Rowing Association, Inc. (1980-1982)

Member, Bicentennial Constitutional Commemorative Committee (1986)

Honors Recipient, President's Pro Bono Service Award, The Florida Bar (1990)

William Reece Smith, Jr. Public Service Award, presented by Stetson University College of Law (1991)

ACLU Legal Award, presented by the American Civil Liberties Union of Florida, Central Florida Chapter (1992)

Nelson Poynter Civil Liberties Award, presented by the American Civil Liberties Union Foundation of Florida (1997)

Chairperson, Charter Review Commission of the City of West Palm Beach (1992)

## ATHLETIC ACTIVITIES

| | |
|---|---|
| 1969 | Middleweight Boxing Champion, Culver Military Academy |
| 1970-1973 | Heavyweight Crew, University of Pennsylvania |
| 1973 | 3rd Place, Intercollegiate Rowing Association National Championships |
| 1974 | 1st Place, Elite Lightweight Four with Coxswain (Stroke), U.S. National Rowing Championships, Orchard Beach Lagoon, New York |
| 1985 | 1st Place, World Masters Rowing Championships, Toronto, Canada |
| 1991 | 1st Place, World Masters Rowing Championships, Miami |
| 1991 | Quarter-Finalist, Henley Royal Regatta, Henley-on-Thames, England |
| 1996 | New York Marathon, finished 3:06:49 |
| 1998 | 1st Place, Head of the Charles Regatta, Mens Masters Four |
| 1999 | 1st Place, Head of the Charles Regatta, Mens Masters Eight |
| 1999 | 1st Place, World Masters Rowing Championships, Seville, Spain |
| 2001 | 1st Place, World Masters Rowing Championships, Montreal, Canada |

| | |
|---|---|
| 2002 | 1st Place, Head of the Charles Regatta, Mens Masters Eight |
| 2003 | 1st Place, World Masters Rowing Championships, Vichy, France |
| 2006 | 1st Place, World Masters Rowing Championships, Princeton |
| 2009 | 2nd Place, Head of the Charles Regatta, Mens Senior Masters Eight |
| 2010 | 2nd Place, Head of the Charles Regatta, Mens Senior Masters Eight |
| 2010 | 1st Place, World Masters Rowing Championships, St. Catharines, Canada |
| 2011 | 2nd Place, Head of the Charles Regatta, Mens Senior Masters Eight |

# EXHIBIT B

## Special Report: Lawyers Compensation Survey

Lofty rewards

September 18, 2006                                                                                                    By: Carl Jones

**M**iami attorney Eugene Stearns may prove true the old cliche about getting what you pay for.

The plaintiff attorney is credited with taking a teetering case against ExxonMobil and turning it around to win his clients a $1.1 billion judgment.

After the verdict, Stearns and other firms who worked on the 15-year-old case brought against the oil company by gas station owners battled over what they should be paid.

Stearns asserted his firm was instrumental in winning a case that was bogged down and going nowhere when his firm signed on 10 years ago.

U.S. District Judge Alan S. Gold agreed. He threw out a fee agreement signed when Stearns first joined the case in 1996 and awarded his firm $249 million in fees, more than triple what the firm would have received under the agreement.

In the July fee ruling, Gold called Stearns' work in the case "groundbreaking" and "highly skilled."

But Stearns is a pricey lawyer to have on your side, billing $700 an hour, the highest fee found for a South Florida attorney in the Daily Business Review's first annual lawyer billing survey.



**Related Stories**
· Lawyers Compensation Survey: Charts

The survey found that the hourly rates of South Florida law firm partners generally range from $300-$500, while associates generally bill between $150 and $350. But rates of some senior partners were much higher.

The Review examined dozens of federal and state court files, including bankruptcies, breach of contract complaints, fraud, and other kinds of civil disputes in which attorneys filed fee requests with the court. The survey found hourly billing rates for more than 350 lawyers.

At the highest billing levels were partners at Greenberg Traurig and Stearns Weaver Miller Weissler Alhadeff & Sitterson.



Stearns said his firm's rates, although higher than others, reflect strong market demand for his firm's services. "We turn away work every day and therefore I've concluded that the market is responding to the appropriateness of the rates that we charge," he said.

Greenberg said in court documents that its partners, including those in other locations, billed as much $750 an hour. But Greenberg chief executive Cesar Alvarez said the firm's most expensive local partners bill $600 an hour.

The highest billing Greenberg partner found by the Review in court filings was Miami attorney Mark Bloom, who billed $595 for representing a trustee in a bankruptcy case. Bloom is co-chair of Greenberg's national bankruptcy practice.

Alvarez defended the firm's rates, saying his attorneys are highly experienced, available around the clock and provide excellent service.

"When you're dealing in big matters such as the ones that firms like us get involved in, the fee is not really the most important factor," Alvarez said. "The most important factor is to provide the expertise, 24/7."

Also in the top tier, were firms such as Morgan Lewis & Bockius in Miami, where partner Roger Kent billed $650 an hour. He charged that rate in defending technology company Cisco Systems against a breach of contract complaint that eventually was settled.

Bilzin Sumberg Baena Price & Axelrod said in court documents that its partners charged clients as much as $625 an hour. But the Review only found partner Mindy Mora's declaration that she charged $460 for her work on Chapter 11 bankruptcy cases.

Greenberg Traurig also boasted the priciest associates. Senior associates at that firm charged from $400 to $500 an hour for commercial litigation and bankruptcy cases. That was more than most partners in South Florida charged.

Recent surveys by two of the Review's affiliate publications indicate that South Florida senior partners generally bill less than those in New York City and Washington, D.C. But local attorneys aren't that far behind.

The National Law Journal reported last December that one partner at Venable's Baltimore office, former U.S. Attorney General Benjamin Civiletti, charges $1,000 an hour. A June survey of 2005 billing rates by the Daily Report in Atlanta found some Manhattan firms billing more than $900 an hour, while some attorneys in Washington, Chicago and several foreign cities billed between $800 and $900 per hour.

South Florida's rates for top partners are more in line with business hubs like Chicago and Atlanta. In comparison, four top-billing Atlanta partners in the Daily Report's survey charged from $610 to $645. The average hourly rate charged by the 120 Atlanta partners surveyed was $387. Atlanta associates averaged $243 an hour.

Stearns said the gap between South Florida and top markets like New York is even wider for paralegals. According to the Review survey, paralegals in South Florida bill as low as $75 per hour and as high as $200. Paralegals, like attorneys, typically can increase their rates as they gain experience.

The Review survey findings indicate what lawyers at large, medium and small law

 **Click here** to comment

firms, as well as those in solo practice, charged clients in particular cases over the last year. The attorneys range from the most senior partners to young associates, but the survey is not comprehensive. The listed rates may or may not be typical for those lawyers, and special reduced rates or fee arrangements are common practice.

Because the U.S. Bankruptcy Code requires that lawyers attest to their usual and customary hourly billing rates, the rate data from bankruptcy filings are considered reliable. That's the source of most of the Review data.

Stearns and other managing partners say that looking solely at hourly rates is not a good way to shop for attorneys because a senior partner, who bills at a higher rate than an associate, might be able to complete a task or come up with a solution in a fraction of the time it would take a less-experienced lawyer.

James M. Miller, managing partner of Akerman Senterfitt's Miami office, whose lawyers were not among the top billers, also defended the high rates charged by some South Florida lawyers, saying clients get what they pay for:

"The sophisticated clients are really results-oriented, and they're less interested in what the hourly rate is than the results obtained and the total cost at the end of the engagement," Miller said.

The Akerman partners whose billings were found by the Review charged between $300 to $350 an hour.

**Less price-sensitive**

A variety of payment schemes are available to clients, including contingency fee agreements, flat-fee charges or hybrid arrangements. Still, attorneys' hourly rates are a helpful baseline for clients in understanding legal fees in the South Florida market.

The survey found that South Florida attorneys with similar years' experience in their practice areas generally bill at hourly rates within $100 of each other. But rates spike up for attorneys at the highest levels of experience and reputation, and for those in the most specialized practices.

If a piece of legal work is routine and uncomplicated, it is considered by lawyers to be "commodity" work, such as general insurance defense, meaning that many attorneys can handle the matter and generally have to compete by offering a lower hourly rate.

"For specialized work and for quality work, price is less of a factor," said Alan Becker, a founding shareholder at Becker & Poliakoff in Fort Lauderdale. "At that point, the client is more interested in getting it done right, getting it done fast, and getting value." The Review could not locate rates for any current Becker & Poliakoff partners, but did find two associates who billed at $275 and $325.

Some clients aren't necessarily put off by a lawyer's high hourly billing rate. It all depends on the lawyer, they say.

James Cassel, an attorney who founded Capitalink, a Miami financial services company that hires its own counsel, said hourly rates "have gotten to be quite, quite high." On the other hand, he said, it's critical for businesses like his to hire the right attorney for their specific legal needs — even if that attorney costs more.

"All lawyers are not created equal," he said. Having the right lawyers on the case could cost more on the front end but end up saving millions by the time the case is over. "You could either have a $900 bill or a $4,000 bill, and chances are the $900 guy turns out to be more expensive."

Akerman's Miller said real estate work, securities litigation and other types of commercial litigation are the areas of law that are in high demand in South Florida. That means attorneys in those areas probably will charge higher hourly rates than for attorneys in other areas of law.

"In those circumstances, clients can expect to pay a premium and they're willing to and they want to pay a premium because they want it done and they want it done right and they want it done now," Miller said.

Clients also are less price-sensitive when winning is a do-or-die matter. "You're not going to go to any law firm and hire anyone when your entire company is at risk," said Tucker Ronzetti, a partner at Kozyak Tropin & Throckmorton in Coral Gables, which focuses on complex bankruptcy and commercial law.

The Review survey found that former Kozyak Tropin partner Laurel M. Isicoff, who recently became South Florida's first female bankruptcy judge, billed at $450 per hour while founding partner Charles Throckmorton billed at $500.

**How rates are set**

Groups of partners and firm executives set the billing rates for each of their lawyers, based on the market for the lawyer's service, experience, and quality of work.

Law firm leaders say they review the hourly rates for each attorney in the firm, to make sure, for example, that rising stars who are doing work that's in high demand are billing appropriately and that all attorneys' rates parallel those of similar expertise at other firms.

Managing partners typically gather all this information, then use their experience and knowledge of the market to set what the executives believe is right price for each attorney.

South Florida law firm leaders say they constantly strive to set their attorneys' hourly billing rates at levels that both maximize firm profits and don't drive clients away. Their analysis starts with the firm's cost structure, including factors such as space costs, employee compensation and benefits, malpractice insurance, and technology.

Despite the image that attorneys work in extravagance, many managing partners say they are constantly trying to cut costs, just like every other business. The cuts help balance off inflation, rising employee benefit costs, soaring rent and other expenses.

"There's no firm against which I regularly compete, not one in our market, that doesn't experience an increase in malpractice rates, an increase in health insurance, rent, and associate compensations," said Paul Singerman, co-chief executive of Berger Singerman in Miami.

Clients ultimately pay the price for increased law firm costs through higher billing rates. "You wait as long as you can but you eventually have

Singerman said he thinks rates will continue to rise due to the rising cost of doing business. "Frankly, I'm not sure that there's much of an alternative," he said.

Even so, law firm leaders say they can't necessarily pass on all their rising costs to clients. They agree there is a threshold price where even sophisticated, deep-pocketed corporate clients might start looking for other representation. "Sometimes we do have to eat it," Ronzetti said.

Another major factor in setting hourly rates is how much competing South Florida law offices are charging for the work of comparable attorneys. Firms are constantly gathering intelligence about what competing firms are charging to determine whether they are at just the right point.

"If everybody is higher than you are, then you know you're not getting the proper return," Becker said. "If everybody is lower than you are, you're not going to get your market share."

Poor price-setting can be disastrous. Firms must calculate prices for both their commodity and specialized work. "We try to evaluate what our standard rate is and what we think is appropriate both for the market and the type of work that we do," said Jeffrey Lapin, a founding partner of the four-lawyer firm Lapin & Leichtling in Coral Gables. If those conditions have changed, a rate increase might be necessary. Lapin said he and his partner, Adam Leichtling, charge $300 an hour, while his two associates bill at $175.

Miller said lawyer billing information in court documents, along with anecdotal information, help his firm ensure that its billing rates are in line with other similar firms. He said sometimes his firm realizes that its hourly rates are "out of balance," either too high or too low. Although that doesn't automatically mean Akerman will change its rates, the firm has to take a closer look.

"The biggest factor is what the market will bear and what other people are doing in the marketplace," Ronzetti said.

But law firm leaders say the final decision on each lawyer's hourly rate is a guess, albeit an informed one. "You have to look at a number of factors and then you take a shot at what you think is best," Singerman said.

**Boutiques can charge more**

In some cases, smaller firms can charge rates nearly as high as large firms.

That's particularly true if a firm can offer a specialized, high-quality service to a client that has one very specific legal need that not a lot of law firms can provide. The client can engage a boutique firm that focuses on that area of law. Its rates can rival those at larger firms.

Boutique firms say they rarely lose business charging high rates because clients know that their expertise is worth the extra money. "You have to either have a special value for the prices or you have to compete on price, and we're a value firm," Ronzetti said. The value comes in, Ronzetti said, when the firm helps companies in survival situations.

"The kind of clients that we're better suited to represent have a bigger picture of the representation and the value that a lawyer can bring to a dispute," Lapin said.

But law firm leaders say clients that have unusual, complex or intertwining legal problems should be prepared to pay higher rates. "In general, sophisticated clients are going to have sophisticated problems," said Brad Sprayberry, the executive in charge of recruiting for Gunster Yoakley & Stewart in West Palm Beach.

For example, during a bankruptcy proceeding, a debtor company may need contract specialists to interpret what responsibilities it has under its various agreements with suppliers, real estate lawyers to work out deals with landlords, and commercial litigators to handle any other ongoing litigation that may affect a successful reorganization.

The larger firms say they offer a better value to clients when it comes to large cases that involve diverse areas of law. "One of the advantages of having some size is that you can put together the right type of people at the right price to get the desired outcome," Akerman Senterfitt's Miller said.

Critics say the large firms sometimes pile unnecessary lawyers onto a case, resulting in a higher total legal bill. But large firm leaders say they are careful to put together the right mix of associates and partners to ensure cost effectiveness.

"In reality, our goal is to get the legal work to the person at the right level," Sprayberry said. "If our clients aren't happy, they're going to go to another law firm."

Miller agreed, saying that his firm tries to balance senior partners and associates. That's "so that you can accomplish the objective in the shortest amount of time without sacrificing the outcome," he said.

No firms said that there is a shortage of legal work. Nevertheless, the large number of lawyers and law firms in South Florida helps keep hourly rates down.

The National Law Journal reported in December 2005 that hourly billing rates at 100 of the 250 largest U.S. law firms spiked upward between 2004 and 2005. Roughly three-quarters of the surveyed firms raised rates for partners and associates.

South Florida managing partners say rates are reviewed annually — and most firms raise at least a few attorneys' rates every year. But not every attorney's rate will be raised every year.

Alan Becker argued that South Florida billing rates should be higher based on prices in the rest of the economy.

But law firms are afraid of losing business. "If it was keeping up with the forces of the economy, [rates] would rise even more," Becker said. "The biggest factor is timidity by lawyers."

Law firm executives predict that billing rates will continue to creep up but won't go up fast. "I don't see that rates are going to accelerate as

But Stearns said he isn't worried, regardless of what the economy does. "One good thing about being a lawyer is that it is essentially recession proof," Stearns said. "There are good times and bad times, and lawyers tend to do well in both."

**Back To:**

■ Today's top stories.

■ More business stories.

■ More legal stories.

ALM Media, Inc. takes copyright infringement seriously. YOU MAY NOT DISTRIBUTE THIS STORY, ELECTRONIC OR OTHERWISE, WITHOUT OUR PERMISSION. You may print or purchase this story from our archives for your personal use only. In order to obtain reprint permission rights, please contact Sue Viera at 305-347-6621 or 800-777-7300 ext. 6621. If you need a subscription, please call 1--877-347-6682.

MONDAY, SEPTEMBER 8, 2006 · DAILY BUSINESS REVIEW · A9

# COVER STORY

## A guide to our methodology

### How the rates were gathered and how they are presented

The hourly billing rates in the accompanying charts were culled from attorney fee petitions filed in federal and state courts, mostly in South Florida, between June 2005 and August 2006. They may reflect rates for work performed prior to June 2005.

These listed rates do not necessarily indicate what attorneys actually were paid for their work. The figures only show what these lawyers and law firms said they charged for the specific case. Rates may have increased since these disclosures were filed.

The listed rates are for bankruptcy, commercial litigation, and other types of civil legal services. Rates for criminal attorneys were not collected.

The rates listed in these charts are not meant to be a complete survey of hourly rates for all firms and attorneys in South Florida. The Daily Business Review cannot say whether these are typical rates for the individual lawyers and firms that are listed, nor what kind of fee arrangements their lawyers and firms make.

The data in the main chart are organized by law firm, arranged in alphabetical order. The chart shows rates for individual partners, the range for associates, and the range for paraprofessionals. If a partner offered more than one rate, or a range of rates, the highest rate was used.

In their fee petitions to the courts, some law firms disclose the range of hourly rates for all the attorneys in the firm. But other firms disclose only those firms, the listed range represents the highest and lowest rate that could be found in court documents for that firm. Therefore, rate ranges for some firms may be incomplete.

In the charts, a single asterisk (*) indicates attorneys who no longer work with the firm listed, according to our research. A double asterisk (**) indicates a blended rate. In such cases, the firm asked the court to award an averaged rate. ◆

| Law Firm | Florida Location | Hourly Rate $ |
|---|---|---|
| **ACLU of Florida** | | |
| *Legal Director* | | |
| Marshall, Randall | Miami | 400 |
| **Adorno & Yoss** | | |
| Partner | NA | 300 |
| Associates | NA | 250+ |
| **Akerman Senterfitt** | | |
| *Partners* | | |
| Bahleheber, Drake M. | Fort Lauderdale | 390 |
| Goldberg, Michael I. | Fort Lauderdale | 350 |
| Gottlieb, Marc | Fort Lauderdale | 350 |
| Barnett, James O. | Fort Lauderdale | 325 |
| Sanchez, Oscar A. | Miami | 265 |
| *Of Counsel* | | |
| Carter, David A. | West Palm Beach | 350 |
| Gettana, Joanne | Fort Lauderdale | 360 |
| Lavili, Juan | Fort Lauderdale | 360 |
| *Associates* | NA | 275+ |
| *Paraprofessionals* | NA | 125+ |
| **Akers & Boswell** | | |
| *Partner* | | |
| Boswell, Don | Palm Beach | 295 |
| **Aurlito & Associates** | | |
| *Partner* | | |
| Aurlito, Samuel C. | North Palm Beach | 295 |
| *Associates* | NA | 295 |
| *Paraprofessionals* | North Palm Beach | 90 |
| **Barakat Prempeh & Jacobs** | | |
| *Attorneys* | Miami | 250 |
| **Becker & Poliakoff** | | |
| *Associates* | NA | 325+ |
| **Berger Singerman** | | |
| *Partners* | | |
| Singerman, Paul | Miami | 450 |
| Berger, Mitchell | Fort Lauderdale | 640+ |
| Spector, Arthur J. | Fort Lauderdale | 425 |
| Shalette, John "Jack" C. | Miami | 425 |
| Berger, James | Fort Lauderdale | 420 |
| Lichtman, Charles | Fort Lauderdale | 420 |
| Cannuito, Anthony | Fort Lauderdale | 410 |
| Gayol, Leslie Gern | Fort Lauderdale | 410 |
| Eaton, John | Fort Lauderdale | 410 |
| Fertang, James H. | Miami | 410 |

| Law Firm | Florida Location | Hourly Rate $ |
|---|---|---|
| Gutia, Joel | Miami | 410+ |
| Uddit, Bruce | Fort Lauderdale | 400 |
| Jovanbach, Nick | Fort Lauderdale | 365+ |
| Pietz, Gdavid | Miami | 375 |
| Sarvin, Arnold | Miami | 375 |
| Pable, Stallow J. | Fort Lauderdale | 335 |
| Wells, Thomas O. | Miami | 350 |
| Holm, Laua | Fort Lauderdale | 345 |
| Rich, Brian B. | Fort Lauderdale | 345+ |
| Meyers, Dewt | Fort Lauderdale | 325 |
| Goldberg, Fred | Miami | 330 |
| *Of Counsel* | | |
| Sesaka, Thomas A. | Fort Lauderdale | 350 |
| *Attorneys* | NA | 450+ |
| *Associates* | NA | 420+ |
| *Paraprofessionals* | NA | 145+ |
| **Bilzin Sumberg Baena Price & Axelrod** | | |
| *Partners* | Miami | 625+ |
| Morz, Mindo A. | Miami | 460 |
| *Associates* | NA | 325+ |
| *Paraprofessionals* | Miami | 160+ |
| **Blank Rome** | | |
| *Partner* | | |
| Routtta, Bruce | Boca Raton | 420 |
| *Paraprofessionals* | Boca Raton | 235+ |
| **Boose Casey Ciklin Lubitz Martens McBane & O'Connell** | | |
| *Partner* | | |
| Crew, Robert L. | West Palm Beach | 350+ |
| *Associates* | NA | 300+ |
| **Broad & Cassel** | | |
| *Partners* | | |
| Raymond, Mark F. | Miami | 400 |
| Tebloud, Rhett | Miami | 300 |
| *Associates* | NA | 225+ |
| *Paraprofessionals* | Miami | 155 |
| **Bunnell Woulfe Kirschbaum Keller McIntyre & Gregoire** | | |
| *Partner* | | |
| D. David Keller | Fort Lauderdale | 160 |
| *Associates* | NA | 140 |

| Law Firm | Florida Location | Hourly Rate $ |
|---|---|---|
| **Berstein & Associates** | | |
| *Partners* | | |
| Bernstein Bersteen | Miami | 239 |
| Jose R. Pettollera | Miami | 290 |
| **Carlton Fields** | | |
| *Partners* | | |
| Gilbert, Robert N. | West Palm Beach | 460 |
| Grutegaw, Alan Michael | Miami | 345 |
| Warner, Thomas Edward | West Palm Beach | 345 |
| Kadzi, Nat | Miami | 325 |
| *Associates* | NA | 245 |
| *Paraprofessionals* | NA | 140 |
| **Charles D. Franken** | | |
| *Solo* | | |
| Franken, Charles D. | Plantation | 300 |
| **Charles M. Baron** | | |
| *Solo* | | |
| Baron, Charles M. | North Miami Beach | 275 |
| **Cornell & Associates** | | |
| *Partner* | | |
| Cornell Jr., G. Ware | Weston | 300 |
| *Associates* | NA | 180 |
| *Paraprofessionals* | Weston | 85 |
| **David Langley P.A.** | | |
| *Partner* | | |
| Langley, David | Plantation | 250 |
| **Donald S. Goldrich** | | |
| *Solo* | | |
| Goldrich, Donald S. | Deerfield Beach | 300 |
| **Duane Morris** | | |
| *Partners* | | |
| Schwartz, John S. | Miami | 425 |
| O' Donnell, Ronella | Miami | 415 |
| Orskan, Paul L. | Miami | 410+ |
| *Associates* | NA | 235 |
| *Paraprofessionals* | Miami | 130 |
| **Eddy O. Marban** | | |
| *Solo* | | |
| Marban, Eddy O. | Miami | 300 |

\* No longer with firm.

\*\* Blended rate, in which an attorney's rate increased during the course of a case.

◆ Indicates the highest rate available.

A10 • MONDAY, SEPTEMBER 18, 2006 • DAILY BUSINESS REVIEW

# COMPENSATION SURVEY

| Law Firm | Florida Location | Hourly Rate $ | Law Firm | Florida Location | Hourly Rate $ | Law Firm | Florida Location | Hourly Rate $ |
|---|---|---|---|---|---|---|---|---|
| **Elk Bankier Christu & Bakst** | | | Spall, Cynthia C. | West Palm Beach | 220 | **Kluger Peretz Kaplan & Berlin** | | |
| *Partner* | | | *Of Counsel* | | | *Partners* | | |
| Bakst, Michael R. | West Palm Beach | 356 | Alva, Curtis | Fort Lauderdale | 425 | Kluger, Alan J. | Miami | 550 |
| Associates | NA | 250+ | Asdo, Jack A. | West Palm Beach | 350 | Abbott, Divi C. | Miami | 475 |
| | | | Associates | NA | 256+ | Berlin, Howard J. | Miami | 450 |
| **Fardie, Law Offices of Aimlee R.** | | | Paraprofessionals | NA | 120+ | Bergman, Dale S. | Miami | 425 |
| *Partner* | | | | | | Seeze, Michael D. | Miami | 425 |
| Fardie, Ainslee R. | Coral Gables | 300 | **Holland & Knight** | | | Silverman, Steven | Miami | 425+ |
| Associates | NA | 200 | *Partners* | | | Charboneau, Robert P. | Miami | 420+ |
| | | | Bohrer, Sandy | Miami | 475 | Katzen, Bruce A. | Miami | 400 |
| **Florida Legal Services Inc.** | | | Jimenez, Adolfo | Miami | 420+ | Oletsky, Jason S. | Miami | 400 |
| *Staff Attorney* | | | | | | Levine, Todd A. | Miami | 385 |
| Hermatz, Miriam | Miami | 425 | **Howard N. Kahn, P.A.** | | | Chesal, Michael | Miami | 375 |
| | | | *Partner* | | | Marks, Davd Brett | Miami | 375 |
| **Furr Cohen** | | | Kahn, Howard N. | Hollywood | 300 | Persa, Michael | Miami | 375 |
| *Partners* | | | Attorneys | Hollywood | 300+ | Espinusis, Jorge | Miami | 350 |
| Furr, Robert C. | Boca Raton | 425 | | | | Stralberg, Bradley S. | Boca Raton | 325 |
| Goldstein, Alvin S. | Boca Raton | 400 | **Hunton & Williams** | | | *Of Counsel* | | |
| Associates | NA | 275 | *Partners* | NA | 520+ | Ferrera, James | Boca Raton | 358 |
| | | | Tolley & B. Carey | Miami | 520 | Louis, Jonathan D. | Boca Raton | 325 |
| **Gary A. Isaacs P.A.** | | | Davidson, Barry B. | Miami | 500 | Attorneys | NA | 525+ |
| *Partner* | | | Rosile, Craig V. | Miami | 480 | Associates | NA | 325+ |
| Isaacs, Gary A. | West Palm Beach | 300 | Julio, Thomas R. | Miami | 475 | | | |
| | | | Hoffman, Stuart R. | Miami | 450 | **Kopelman & Blankman** | | |
| **Genovese Joblove & Battista** | | | Enjamio, Juan C. | Miami | 427 | *Partner* | | |
| *Partners* | | | Bast, Jeffrey P. | Miami | 396 | Blackman, Douglas | Fort Lauderdale | 300 |
| Genovese, John H. | Miami | 486.31** | Zarco, Andrew D. | Miami | 375 | | | |
| Battista, Paul J. | Miami | 440 | *Of Counsel* | | | **Koyzak Trapin & Throckmorton** | | |
| Reeders, Craig P. | Miami | 410** | Morelanci, Allen Cole* | Miami | 417 | *Partners* | | |
| Cimo, David C. | Miami | 385.33** | Johnson, Christopher | Miami | 325 | Throckmorton, Charles | Coral Gables | 500 |
| Meaes, Glenn D. | Miami | 375 | Associates | NA | 325+ | Hartmann, Kenneth R. | Coral Gables | 450 |
| Day, Alison R. | Miami | 380** | Paraprofessionals | NA | 172+ | Itzcoff, Laurel* | Coral Gables | 450 |
| Amron, Brett M. | Miami | 309** | | | | Koyzak, John W. | Coral Gables | 450 |
| | | | **James Green** | | | Miklas, David P. | Coral Gables | 330 |
| Garse, Greg M. | Miami | 295* | *Solo* | | | Associates | NA | 285+ |
| Attorneys | NA | 450+ | Green, James | West Palm Beach | 450 | Paraprofessionals | Coral Gables | 125+ |
| Associates | NA | 260** | | | | | | |
| | | | **Jones Foster Johnston & Stubbs** | | | **Lasky Bizgeo & Rodriguez** | | |
| | | | *Partner* | | | *Partners* | | |
| | | | Trimper, John S. | West Palm Beach | 350 | Bigge Jr., Robert J. | Fort Lauderdale | 300 |
| **Glasser Boreth Ceasar & Kleppin** | | | | | | Lasky, Susan D. | Fort Lauderdale | 300 |
| *Partner* | | | | | | Paraprofessionals | Fort Lauderdale | 100 |
| Kleppin, Chris | Plantation | 350 | **Katz Barron Squitero & Faust** | | | | | |
| | | | *Partners* | | | **Lee & Amtzis** | | |
| **Greenberg Traurig** | | | Squitero, John R. | Miami | 425 | *Partner* | Boca Raton | 350 |
| *Partners* | Miami | 750+ | Terzo, Frank P. | Miami | 400 | Associates | NA | 195 |
| Bloom, Mark | Miami | 595+ | Blanco, Leyta F. | Miami | 325 | | | |
| Hutton, John B. | Miami | 450 | Associates | NA | 300+ | **Legal Aid of Broward County** | | |
| Scherker, Eliot (2004) | Miami | 450 | Paraprofessionals | NA | 100 | *Attorney* | | |
| Salazar, Luis | Miami | 440 | | | | Boehringer, Charles Stamo | Plantation | 290 |
| Konrspan, Susan F. | West Palm Beach | 400 | **Kelley & Fulton** | | | | | |
| Moore, Teresa J. | West Palm Beach | 375 | *Partners* | | | **Leiderman Shelomith** | | |
| Valcarcel, Manuel R. | Miami | 350 | Fulton W. Andrew | West Palm Beach | 300 | *Partners* | | |
| Associates | NA | 480+ | Kelley, Craig I. | West Palm Beach | 300 | Leiderman, Jonathan S. | Hollywood | 250 |
| Paraprofessionals | Miami | 230+ | Attorneys | West Palm Beach | 300 | Shelomith, Zach B. | Hollywood | 250 |
| | | | Paraprofessionals | West Palm Beach | 85 | | | |
| **Gunster Yoakley & Stewart** | | | | | | **Lewis & Tein** | | |
| *Partners* | | | **Kenny Nachwalter** | | | *Partners* | | |
| Carley, G. Joseph | West Palm Beach | 375 | *Associates* | | | Lewis, Guy A. | Coconut Grove | 350 |
| Perry, Hugh W. | West Palm Beach | 375 | Alvaine, Robert J. | Miami | 250 | Tein, Michael R. | Coconut Grove | 275 |
| Seymour, Brian M. | West Palm Beach | 325 | | | | Associates | NA | 185 |
| Tjck, Paul A. | West Palm Beach | 321 | **Kirpatrick Lockhart Nicholson & Graham** | | | Paraprofessionals | Coconut Grove | 90 |
| Cox, Ernest A. | West Palm Beach | 306 | *Partner* | | | | | |
| Sasser, Moenu T. | West Palm Beach | 265 | Kucera, Jeffrey T. | Miami | 350 | | | |
| | | | Associates | NA | 250 | | | |

* No longer with firm.
** Blended rate, in which an attorney's rate increased during the course of a case.
+ Indicates the highest rate available.

MONDAY, SEPTEMBER 18, 2006 • DAILY BUSINESS REVIEW • **A11**

# COMPENSATION SURVEY

| Law Firm | Florida Location | Hourly Rate $ |
|---|---|---|
| **Matt Weinstein** | | |
| *Solo* | | |
| Weinstein, Matt | Miami | 225 |
| **Morgan Lewis & Backus** | | |
| *Partners* | | |
| Roger, Kent M. | Miami | 650 |
| Lure, Molly M. | Miami | 550 |
| Bhockler, Robert M. | Miami | 470 |
| Estevez, Anne Marie | Miami | 470+ |
| *Associates* | NA | 445+ |
| *Paraprofessionals* | Miami | 200 |
| **Moscowitz & Moscowitz** | | |
| *Partner* | | |
| Moscowitz, Jane | Miami | 500 |
| **Pertnoy Solowsky & Allen** | | |
| *Partners* | | |
| Allen, Richard L. | Miami | 425 |
| Pertnoy, Sidney M. | Miami | 425 |
| Solowsky, Jay H. | Miami | 425 |
| *Associates* | NA | 200 |
| **Perwin, Joel** | | |
| *Solo* | | |
| Perwin, Joel | Miami | 500 |
| **Pett Furman & Jacobson** | | |
| *Partner* | | |
| Pett, Kristina | Boca Raton | 230 |
| *Associates* | NA | 165 |
| **Remer & Georges-Pierre** | | |
| *Partners* | | |
| Remer, Jason S. | Miami | 300 |
| Georges-Pierre, Anthony M. | Miami | 250 |
| **Restani & McAlister** | | |
| *Associates* | Coral Gables | 200 |
| **Rice Pugatch Robinson & Schiller** | | |
| *Partners* | | |
| Pugatch, Chad P. | Fort Lauderdale | 400 |
| Robinson, Kenneth B. | Fort Lauderdale | 425 |
| Schiller, Lisa M. | Fort Lauderdale | 400+ |
| *Associates* | NA | 250+ |
| **Robert Paterno, P.A.** | | |
| *Attorney* | | |
| Paterno, Robert | Fort Lauderdale | 300 |
| **Rosenberg & McAuliffe** | | |
| *Partner* | | |
| McAuliffe, Michael F. | West Palm Beach | 295 |

| Law Firm | Florida Location | Hourly Rate $ |
|---|---|---|
| **Ruden McClosky** | | |
| *Partners* | | |
| Messana, Thomas* | Fort Lauderdale | 375+ |
| Brighton, Robert | Fort Lauderdale | 335 |
| Krimsky, Beth-Ann | Fort Lauderdale | 325 |
| Kim, Stanley | Fort Lauderdale/West Palm Beach | 300 |
| *Paraprofessionals* | | |
| Plavrough, Carol | Fort Lauderdale | 125 |
| **Scott Alan Orth, Law Offices Of** | | |
| *Solo* | | |
| Orth, Scott Alan | Miami Shores | 300 |
| **Scott J. Fader, P.A.** | | |
| *Partner* | | |
| Fader, Scott J. | Coral Gables | 400+ |
| *Paraprofessionals* | Coral Gables | 400 |
| | Coral Gables | 150 |
| **Shook Hardy & Bacon** | | |
| *Associates* | NA | 220+ |
| **Shutts & Bowen** | | |
| *Partners* | NA | 495+ |
| Shapiro, Peter E. | Fort Lauderdale | 390 |
| Landau, Jeffrey M. | Miami | 350 |
| *Associates* | NA | 250+ |
| *Paraprofessionals* | NA | 155+ |
| **Solms & Associatess** | | |
| *Partner* | | |
| Solms Jr., William O. | Miami | 325 |
| **Soto Law Group** | | |
| *Attorneys* | Fort Lauderdale | 200+ |
| **Stearns Weaver Miller Weissler Alhadeff & Sitterson** | | |
| *Partners* | | |
| Stearns, Eugene E. | Miami | 700 |
| Miller, Alison W. | Miami | 500 |
| Pollack, David C. | Miami | 500 |
| Shapiro, Jay B. | Miami | 475 |
| Sitterson, Curtis K. | Miami | 475 |
| Fein, Alan H. | Miami | 425 |
| Dikeman, Mark P. | Miami | 400 |
| Lundeen, Joy S. | Miami | 400 |
| Ewing, Bradford V. | Miami | 400 |
| Sall, Mimi L. | Fort Lauderdale | 325 |
| Simkovic, Martin S. | Miami | 325 |
| Buttrick, Jennifer S. | Miami | 300 |
| Buttrick, Matthew W. | Miami | 300 |
| Frisell, Owen S. | Miami | 300 |
| Marlues, Morna E. | Miami | 300 |
| Sepulveda, Jose G. | Miami | 275 |
| *Associates* | NA | 265+ |
| *Paraprofessionals* | NA | 140+ |
| **Stephen P. Santiago** | | |
| *Solo* | | |
| Santiago, Stephen P. | Miami | 250 |

| Law Firm | Florida Location | Hourly Rate $ |
|---|---|---|
| **Stephens Lynn Klein Lacava Hoffman & Puya** | | |
| *Partner* | Miami | 160 |
| *Associates* | NA | 135 |
| **Steven F. Grover, Law Offices of** | | |
| *Partner* | | |
| Grover, Steven F. | Fort Lauderdale | 275 |
| *Associates* | NA | 200 |
| **Sugarman & Susskind** | | |
| *Associates* | NA | 350 |
| **Tabas Freedman Soloff & Miller** | | |
| *Partners* | | |
| Freedman, Gary M. | Miami | 400 |
| Tabas, Joel L. | Miami | 400 |
| Soloff, Stacey F. | Miami | 315 |
| *Associates* | NA | 265+ |
| *Paraprofessionals* | Miami | 145+ |
| **Tew Cardenas** | | |
| *Partners* | | |
| Lehman, Thomas R. | Miami | 425 |
| DeMaria, Joseph | Miami | 400 |
| Tague, Brian | Miami | 400 |
| Goller, Lynn | Miami | 350 |
| Barkowitz Reubens, Robin | Miami | 335 |
| De la Fuente, Bob | Miami | 335 |
| Dorta, Varlos | Miami | 335 |
| Ezra, Jonathan | Miami | 325 |
| West, Bryan | Miami | 325 |
| Catalano, John | Miami | 275 |
| *Associates* | NA | 185 |
| *Paraprofessionals* | Miami | 145+ |
| **Tyler A. Gold** | | |
| *Partner* | | |
| Gold, Tyler A. | Plantation | 275 |
| **Upchurch Watson White & Max** | | |
| *Mediation Counsel* | | |
| Fleet, J. Leonard | Fort Lauderdale | 425 |
| Gill, Wayne T. | West Palm Beach | 375 |
| Seiden, Henry A. | West Palm Beach | 375 |
| Bassett, Jr. G. William | Miami | 300 |
| Fischer, Stephen G. | Miami | 300 |
| Franco, Oscar J. | Miami | 250 |
| Kelly, John Fleming | Miami | 250 |
| **Vila Padron & Diaz** | | |
| *Partner* | | |
| Vila, Oscar | Coral Gables | 225 |
| *Attorney* | | |
| Phinney, Kara | Coral Gables | 225 |
| **Zuckerman Spaeder** | | |
| *Partner* | | |
| Mevks, Thomas | Miami | 450 |
| *Associates* | NA | 200 |
| *Paraprofessionals* | Miami | 135 |

* No longer with firm.
** Blended rate, in which an attorney's rate increased during the course of a case.
+ Indicates the highest rate available.

RE: Fees - from Daily Business Review

## Billing Survey

Seven of 10 law firms charge more than they did last year despite tough economy

December 15, 2008                                                                 By: Leigh Jones

Despite the rancid economy of 2008, attorney billing rates continued their escalation trend with nearly 71 percent of law firms reporting an increase in the amount that they charged compared with 2007.

The figure represents law firms that increased their average and median billing rates firmwide.

Also this year, partner billing rates broke record highs with one firm exceeding the $1,200 mark and another rising above $1,100 per hour.

The results of the National Law Journal's annual billing survey indicate that, although law firms upped their rates at a slower pace than last year, they still exacted a higher price for their labors from clients even amid an unraveling economy.

The survey was based on information provided by 127 law firms that responded to billing questions submitted as part of the NLJ 250, the National Law Journal's annual survey of the nation's largest law firms. Of the 127 firms, 109 provided billing information for both this year and last allowing year-over-year comparisons. The survey period covered Oct. 1, 2007, to Sept. 30, 2008.



2008 *Electronic* **CORPORATE SCORECARD**

**Download from ALM Research Online**

**Web Extra:**
Hourly billing rates
Alternative billing methods

The average of firmwide billing rates, which include partner and associate rates, climbed by 4.3 percent this year. The previous increase was 7.7 percent.

At the same time, although 71 percent of firms increased their average and median billing rates this year, 75 percent increased those rates last year.

The continued uptick means law firms should expect clients, especially in a worsening economy, to hire more in-house attorneys and rely more heavily on "flexible staffing," said Pamela Woldow, general counsel and principal of Altman Weil, a law firm consultancy. In addition, clients such as pharmaceutical companies that in the past did not demand alternative or varied fees will be "negotiating harder" for better deals

1

on legal services, she said.

The average firmwide billing rate for 2008 was $363 per hour compared with $348 in 2007. The average of the median firmwide rate this year was $350 per hour compared with $347 per hour last year.

**New record** The most expensive hourly rate came from White & Case, which reported the high end of its partner rate was $1,260 per hour. The firm's average partner billing rate was $747 per hour. With 2,205 attorneys, White & Case is ranked No. 6 on the NLJ 250.

In a statement, White & Case said the peak rate was "representative of only two potential billing scenarios for clients" and did "not take into account a number of key factors, including blended rates and rates negotiated with specific clients."

Coming in second was Dorsey & Whitney, where the high end of the hourly partner rate was $1,180. Dorsey's average partner rate was $505.

The top rates at Dorsey & Whitney were charged by two international tax partners practicing in London, firm spokesman Bob Kleiber said. The firm declined to identify the partners.

The two law firms also reported the highest associate rates with White & Case charging $920 per hour at the high end of the range and Dorsey & Whitney charging up to $820 per hour for associate work. The average associate rate at White & Case was $456 per hour. The average associate rate at Dorsey & Whitney was $301 per hour. The $820 fee charged at Dorsey & Whitney applied to one associate practicing in the firm's London office, Kleiber said.

On average partner billing rates, 86 percent of the firms charged more this year than last year. The average partner rate this year was $451 per hour.

For associates, 81 percent of the law firms responding to the survey both in 2007 and 2008 raised the high end. The average associate rate was $282 per hour.

**Other high fliers**

Two law firms besides Dorsey & Whitney and White & Case reported partners who charged four-figure rates. They were Pittsburgh-based Buchanan Ingersoll & Rooney at $1,020 and Chicago-based Jenner & Block at $1,000.

Several law firms came close to the $1,000 mark on the high end of the partner rate range. They were New York-based McKee Nelson at $995, Washington-based Patton Boggs at $990, Cooley Godward Kronish of Palo Alto, Calif., at $980, Locke Lord Bissell & Liddell at $975, Chicago-based Winston & Strawn at $975, Venable of Washington at $950, Loeb & Loeb at $925, Washington-based Hogan & Hartson at $900 and Reed Smith at $900.

Alternative and variant billing systems were popular among many law firms. Of the 127 firms that responded to billing questions, 66 reported they received at least a portion of their revenue from alternatives and variations. Variations to the billable hour mean discounted fees or blended hourly rates, while alternatives include fixed or flat fees.

Many law firms derived most of their revenue via variations. They included Husch Blackwell Sanders at 98 percent, Ogletree Deakins Nash Smoak & Stewart at 92 percent and Akerman Senterfitt at 90 percent.

Law firms relied on alternatives for a smaller portion of revenue compared with variations. Firms with high percentages of revenue derived from alternative billing included Denver-based Holland & Hart, which reported 33 percent, and McKenna Long & Aldridge at 30 percent.

*Leigh Jones reports for the National Law Journal, an Incisive Media affiliate of the Daily Business Review.*

# SOUTH FLORIDA BILLING SURVEY



**Lawyer compensation.**



# SOUTH FLORIDA BILLING SURVEY

